King et al., Appellants, *v.* Toledo Bd. of Edn., Toledo City School District, Appellee.

[Cite as King v. Bd. of Edn., 15 Ohio St. 2d 117.]

(No. 68-86—Decided July 3, 1968.)

118

*Mr. William D. Driscoll* and *Mr. Arthur Wikowski,* for appellants.

*Mr. James Slater Gibson,* for appellee.

*Per Curiam.* The question to be determined by this court is: Did the pertinent provisions of Section 3317.06, Revised Code, and its predecessor, Section 4848-4a, General Code, as those provisions existed during the period from 1951 to 1959, inclusive, require the board of education, in establishing a salary schedule, to give salary credit to the appellants for prior military service, even though the salaries established by the board's schedule were higher than the minimum salaries established by Section 3317.06, Revised Code?

Resolution of this question requires an examination of

Section 3317.06, Revised Code, and Section 4848-4*a*, General Code, as they existed from September 28, 1951, to January 1, 1960.

From September 28, 1951, to October 1, 1956, the purpose of this statute was to establish *minimum teachers' salaries*. That goal was accomplished by the enactment of minimum *beginning teachers' salaries* based upon educational training and increased annually for five years in accordance with educational training and experience, including service as a teacher and prior service in the armed forces. Boards of education were specifically authorized to establish salary schedules in excess of the statutory minimum pay ranges commensurate with local and state tax resources. However, *there was no statutory requirement,* during that period, that the board's salary schedules provide credit for military service so long as the salary established by the board's salary schedules exceeded the minimum salaries required by Section 3317.06, Revised Code, and its predecessor Section 4848-4*a*, General Code, and so long as the teacher in question had not served in the armed forces while on "military leave of absence" from the school district in which he sought re-employment and salary adjustment based upon such military service. See Section 3319.14, Revised Code (formerly Section 4842-10*a*, General Code); Opinions of Attorney General (1951), 754, No. 926.

In 1956 the statute was amended. Like its predecessors, it was the purpose of Section 3317.06, as amended, to establish *minimum* teachers' salaries. However, it only established minimum annual salaries for the first year of teaching. Beyond these minimum salaries the boards *were not required to provide credits* for prior years of teaching and prior years of service in the armed forces. In other words, during this period from October 1, 1956, to January 1 ,1960, *there was no requirement* that any salary credit be given for prior teaching or prior military service assuming the provisions of Section 3319.14, Revised Code, were not applicable.

In 1960 the statute was amended again. While this section, as effective January 1, 1960, might well be construed to require salary credits for prior military service, such argument is not available to the appellants since they are not seeking credits for that period. The 1960 amendment would reflect the Legislature's recognition that no such credits were previously required by statute.

The purpose of the statute during the period 1951 to 1959, inclusive, was to insure *minimum* salaries for teachers. From 1951 to 1956 the statute did not require salary credits for prior military service in the salary schedules established by a board of education pursuant to Section 3317.14, Revised Code, where such board's established salaries were higher than the statutory minimum. Thereafter, from October 1, 1956, to January 1, 1960, *the statute did not require* that credit for prior military service be given.

The record does not indicate that appellants served in the armed forces while on "military leave of absence" from the Toledo Board of Education which would make the provisions of Section 3319.14, Revised Code, applicable. Therefore, the board has fully performed its statutory and contractual obligations and the appellants are not entitled to the relief they seek.

The judgments of the Court of Appeals are, therefore, affirmed.

*Judgments affirmed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.