WHEELER, APPELLANT, *v.* THE BOARD OF EDUCATION OF
CLEVELAND HEIGHTS, APPELLEE.

(No. 31330—Decided June 1, 1972.)

*Messrs. Terrell, Williams & Salim* and *Mr. Ralph A. McAllister,* for appellant.
*Messrs. Squire, Sanders & Dempsey* and *Mr. Arthur A. Kola,* for appellee.

HOFSTETTER, J. This matter is on appeal on questions of law from a judgment of the Court of Common Pleas.

The facts of the case are essentially as follows.

Plaintiff, appellant herein, is a teacher in the Cleveland Heights-University Heights city school district. He seeks from the defendant and appellee herein, the board of education of the school district, salary payments and related retirement contributions beyond those actually paid for each of the school years 1965-66 to 1969-70, inclusive. He claims that for each of the school years in question the board of education was statutorily required to pay him the

same salary paid to other teachers with the same experience and training, regardless of the quality of his teaching performance.

Defendant maintains and the trial court held, according to a ruling of the trial judge submitted in the briefs of both parties:

"after complying with the minimum salary schedules for teachers based on training (education) and years of service, the Board may establish its own service requirements recognizing satisfactory performance attainment.

"In accordance with the stipulations on which this case was submitted, I make no finding on the validity of the evaluation exercised by the Board in measuring satisfactory performance attainment. Judgment for defendant."

The significant portion of the journal entry does not recite this ruling, but reads as follows:

"This action came on for trial before the Court on the 11th and 12th days of May, 1971, on the pleadings, the evidence, the stipulations, the briefs, and the arguments of counsel for the plaintiff and for the defendant; the issues having been duly tried, and the Court, being fully advised in the premises, having found for the defendant and against the plaintiff, and a decision for the defendant and against the plaintiff having been duly rendered by the Court and having been entered on the 30th day of June, 1971;

"Now, therefore, it is ordered, adjudged, declared, and decreed, that: The plaintiff take nothing; that plaintiff's action for judgment against the defendant * * * be dismissed on the merits; and that the defendant recover of the plaintiff its costs of action."

As the journal entry indicates, the case was tried and decided by the Court of Common Pleas on a "stipulation of facts" and an added "stipulation." Both documents were entered upon agreement of the parties and form a part of the record on appeal in this case. According to the record, the plaintiff offered no other evidence to support his case before the trial court.

The controlling facts as set forth in the "stipulation of facts" and the "stipulation" are not in dispute.

138

Plaintiff has been employed since 1949 as a teacher in the Cleveland Heights-University Heights city school district. Since 1954, he has been employed under a tenure contract, known as a "continuing" contract under R. C. 3319.08. His tenure contract with defendant is set forth as exhibit "A" of the "stipulation of facts." The contract provides, with respect to plaintiff's salary, the following:

"Your compensation shall be at such rate as may be determined annually by the Board and announced to you under the provisions of law."

The parties stipulated below that plaintiff had received from defendant before July 1 of each school year, since September, 1965, notices of salary to be paid him for each school year, pursuant to R. C. 3319.12, which provides, in part, as follows:

"Each board of education shall cause notice to be given annually not later than the first day of July to each teacher who holds a contract valid for the succeeding school year, as to the salary to be paid such teacher during such year. Such salary shall not be lower than the salary paid during the preceding school year unless such reduction is part of a uniform plan affecting the entire district."

The annual salary announced and paid to plaintiff for each school year since September, 1965, has not been less than the salary paid to him in any previous year. It has always been more, not less, than minimum salaries required by state law for teachers with his training and experience. Defendant, therefore, has at no time reduced plaintiff's salary, or paid him less than the salary required by state law.

On the recommendations of the superintendents of schools holding office during that period of time, however, the annual salary announced and paid to plaintiff for each school year since September, 1965, has not been increased in accordance with increases paid to other teachers with the same training and years of experience. It has been stipulated by the parties that the bases for defendant's denial of salary increases for plaintiff have been evaluations made by administrators in the school district. The evalua-

tions concluded that plaintiff's teaching performance had been less than that of other teachers with the same experience and training. It was expressly stipulated by the parties that, for purposes of this action, the Common Pleas Court was not required to make any finding or determination with respect to the validity of such evaluations, but the plaintiff expressly denied such validity.

The employment guide and salary schedules adopted by defendant for each school year *expressly* provide that "exceptions to the schedules may be made upon recommendation of the superintendent and approval by the board." The guides and salary schedules so adopted each year have been filed annually with the state superintendent of public instruction in the state department of education, pursuant to R. C. 3317.14.

It was also stipulated by the parties that the difference between the salary paid to plaintiff and that paid to other teachers with comparable education and experience for each of the school years since September, 1965, has been: $200 for school year 1965-66; $400 for school year 1966-67; $1,100 for school year 1967-68; $1,400 for school year 1968-69; and $1,650 for school year 1969-70. The parties have stipulated, moreover, that plaintiff, who did not commence his action until April, 1969, has taught each school year since September, 1965, with full knowledge that his salary was less than that being paid to other teachers with the same training and experience.

The two assignments of error are as follows:

Assignment of error No. 1:

"The trial court erred to the prejudice of the plaintiff-appellant in rendering its judgment contrary to law that a board of education paying its teachers salaries pursuant to a teachers salary schedule duly adopted and filed with the state board of education '* * * may establish its own service requirements recognizing satisfactory performance attainment * * *' in determining the salary paid to the plaintiff-appellant teacher, and accordingly paying him less than the salary provided in the schedule for a teacher of his training and experience."

Assignment of error No. 2:

"The trial court erred to the prejudice of the plaintiff-appellant in finding that 'the board may establish its own service requirements recognizing satisfactory performance attainment,' and rendering judgment for defendant board of education and against plaintiff teacher, without first finding that the defendant board of education had in fact established such service requirements."

To compound the issues before the court, it appears that the action brought by the plaintiff concerns itself with his rights based on statutes that were not consistent in language for the years represented. In his assignments of error and brief, he relies on R. C. 3317.06, 3317.13 and 3317.14, which, at least for the school year 1965-66, were not applicable in the statutory form noted in the brief.

To begin with, R. C. 3317.13, as set forth in plaintiff's brief, was adopted in 1967 and became effective on December 1, 1967.

R. C. 3317.14, again as identified in plaintiff's brief, was adopted in 1967 and became effective on December 1, 1967.

The former Section 3317.14, analogous to the present section cited in the brief, but not totally comparable in language, was repealed, effective August 16, 1965.

Plaintiff stated that R. C. 3317.06 was in effect until the legislature amended Chapter 3317 of the Revised Code in 1967 and 1969, at which time it incorporated some of the provisions of former Section 3317.06 in Section 3317.13, as pointed out in his brief. This does not appear to be an entirely correct statement concerning R. C. 3317.06. It appears that R. C. 3317.06, as recited in plaintiff's brief, was repealed by amended substitute house bill 950, effective August 16, 1965, along with the then existing Section 3317.14, included by reference in the Section 3317.06 cited earlier. Hence, as of the date of the salaries complained of, R. C. 3317.06 as referred to in plaintiff's brief, if applicable at all, was only applicable to the 1965 salary complained of.

However, by way of a statute comparable to the repealed Section 3317.06, amended substitute house bill 950,

effective August 16, 1965, adopted Section 3317.02, which included in it some language analogous to the former Sections 3317.06 and 3317.14. The significant portion of R. C. 3317.02 (131 Ohio Laws 778) is as follows:

"Any board of education participating in funds distributed under Chapter 3317. of the Revised Code shall annually adopt a teachers' salary schedule with provision for increments based upon training and experience and with initial salaries no lower than the minimum salaries provided for in this section. On the fifteenth day of October each year the salary schedule in effect on that date shall be filed with the superintendent of public instruction. A copy of such schedule shall annually be filed by the board of education of each local school district with the county superintendent of schools, who thereupon shall certify to the clerk of such local district the correct salary to be paid to each teacher in accordance with the adopted schedule.

"Upon written complaint to the superintendent of public instruction that the board of education of a district has failed or refused to annually adopt a salary schedule or to pay salaries in accordance with an adopted salary schedule, the superintendent of public instruction shall cause to be made an immediate investigation of such complaint. If the superintendent finds that the conditions complained of exist, he shall order the board to correct such conditions within ten days from the date of the finding. No moneys shall be distributed to the district under Chapter 3317. of the Revised Code until the superintendent has satisfactory evidence of the board of education's full compliance with such order."

Not until the school year 1967-68 do the Sections 3317.-13 and 3317.14, as referred to in both plaintiff's and defendant's briefs, have any direct applicability to the salaries in question.

This is a case of first impression in the state of Ohio, and it primarily concerns the intent, purpose, and construction that should be given language excerpted from R. C. 3317.14 as it pertains to boards of education participating in school foundation program funds, when boards annually

adopt a teachers' salary schedule with provisions for increments based upon *training* and *years of service.* The excerpted language is as follows: "Notwithstanding Section 3317.13 of the Revised Code, the board may establish its own service requirements provided no teacher receives less than the amount required to be paid pursuant to Section 3317.13 * * *."

Although counsel for both parties set forth numerous case holdings supportive of their relative positions, it appears to this court that the tenor of the intent of the quarrelsome language of R. C. 3317.14, as adopted effective December 1, 1967, was provided by the Supreme Court of Ohio in *King* v. *Bd. of Edn.*, 15 Ohio St. 2d 117. The fact situation compared with the instant case only in that the question raised was as follows:

"Did pertinent provisions of Section 3317.06 require a board of education, in establishing a salary schedule, to give salary credit to the appellants for prior military service, even though the salaries established by the board's schedule were higher than minimum salaries established by Section 3317.06, Revised Code?" Essentially, the Supreme Court held, the purpose of the statute was to establish minimum teachers' salaries throughout the state, as opposed to imposing the language of the school foundation fund program on board-adopted salary schedules that are at all times in excess of state minimum salary schedules, such as those in question in the instant case.

Additionally, in regard to that area of the complaint not specifically covered by R. C. 3317.13 and 3317.14, adopted effective December 1, 1967, what latitude does R. C. 3317.02, the effective statute at the inception of the salary payment grievance herein, give to local boards of education? 48 Ohio Jurisprudence 2d 786, Schools, Section 84, states the following:

"The Code empowers a board of education to make such rules and regulations as are necessary for its government and the government of its employees and the pupils of the schools. The presumption is always in favor of the reasonableness and propriety of any such rule duly adopt-

ed. This statute, together with the general statutes concerning the powers of such boards, confers upon such boards plenary authority and responsibility for the proper conduct, control, regulation, and supervision of its employees, the pupils, and the entire school system of the district. Its authority in these respects is unlimited except to the extent that it is curtailed by express law. The board is bound by the rules and regulations thus made for its government, unless suspended in a legal manner, and, in the absence of fraud, abuse of discretion, arbitrariness, or unreasonableness, a court will not interfere with the authority of the board of education to make rules and regulations nor substitute its judgment for that of the board on matters delegated to it to decide in conducting the affairs of the schools.''

We hold the local board of education, under the language quoted above, to be clothed with the authority to determine its own guidelines for payment of teachers, this being a statutory function, as long as requirements of state statutes as to minimum salary schedules based on training and years of service are rigidly adhered to.

Only when a board of education takes action outside of and against the plain provisions of the law is such action absolutely void. See 48 Ohio Jurisprudence 2d 789, Schools, Section 85. The duty to set salary schedules is clearly a statutory duty of the board. Restrictions upon a board's statutory authority to determine salary schedules and service requirements can be imposed only if other specific statutes or the language of the minimum salary schedule and other requirements of the school foundation program (Chapter 3317) clearly limit the power of a board to exercise its discretion in determining the method of establishing salary schedules where minimum state requirements are exceeded. We find no such limitations.

We hold further that the language of R. C. 3317.13 and 3317.14, as related to the latter salaries complained of by the plaintiff, that: ''notwithstanding Section 3317.13 of the Revised Code, the board may establish its own service requirements provided no teacher receives less than the

amount required to be paid pursuant to Section 3317.13 of the Revised Code," merely serves, by statutory enactment of 1967, to bolster the above opinion of this court, and that it represents an intent of the legislature to broaden the powers of the local board, by clarifying the existing powers of the local board, as long as all state minimum salary schedules and statutes denying reductions in salary are adhered to.

For the reasons noted above as to assignments of error No.'s 1 and 2, and coupled with the additional "stipulation" as to assignment of error No. 2 referred to earlier, we affirm the judgment of the trial court. That "stipulation" is as follows:

"For the purpose of this action only, the parties stipulate that the basis for the Board of Education's denial of salary increases for the plaintiff are evaluations made by administrators in the school district that plaintiff's teaching performance has been less than that of other teachers with equal training and experience, but the Court for purposes of this action will not make any finding or determination with regard to the validity of such evaluation and the plaintiff expressly denies such validity."

*Judgment affirmed.*

Cook, P. J., and Jones, J., concur.

Cook, P. J., Jones and Hofstetter, JJ., of the Eleventh Appellate District, sitting by designation in the Eighth Appellate District.