BASLER, Appellant,

v.

PRINCETON CITY SCHOOL DISTRICT BOARD OF EDUCATION, Appellee.

[Cite as *Basler v. Princeton City School Dist. Bd. of Edn.* (1989), 64 Ohio App.3d 71.]

Court of Appeals of Ohio,
Hamilton County.

No. C–880365.

Decided Sept. 6, 1989.

*James R. Kirkland & Assoc.* and *Elaine M. Stoermer,* for appellant.

*Rendigs, Fry, Kiely & Dennis* and *John W. Hust,* for appellee.

---

*Per Curiam.*

The plaintiff-appellant, Thomas Basler, appeals the trial court's order granting defendant-appellee's motion for summary judgment and overruling his motion for summary judgment. For the reasons which follow, the judgment of the trial court is affirmed.

The plaintiff began employment with the Princeton City School District in 1970. The plaintiff had four years of service in the Air Force for which he was given credit in the "BS" lane of the salary schedule. During the summer of 1982, after the plaintiff had reached the thirteenth and final step of this salary lane, he received additional certification which enabled him to move to the "BS–150" lane of the salary schedule. This lane offered more steps and additional compensation. Pursuant to Princeton policy No. 4151.2, regardless of the number of years of teaching experience, a teacher may only move one step when changing salary lanes. Thus, the plaintiff was placed on the fourteenth step of the "BS–150" lane—an advancement of one step.

The plaintiff asserted that he was entitled (due to teaching experience) to be placed on the fifteenth step and filed a complaint seeking compensatory damages. The parties thereafter filed a stipulation of facts. The deposition of the Superintendent of Princeton Schools (Richard Denoyer) was also taken and submitted to the court for review.

Subsequently, both parties moved for summary judgment. The trial court granted the plaintiff's motion and denied the defendant's. Upon appeal (case No. C–860196), this court reversed the judgment of the trial court, indicating that a genuine issue of material fact remained in the case.

After the case was remanded to the lower court, both parties again submitted motions for summary judgment. The defendant supported its motion with an affidavit of Denoyer. The plaintiff did not contradict this affidavit or support his motion with an affidavit. The trial court thereafter sustained the defendant's motion and overruled the plaintiff's. The plaintiff now appeals.

This court *sua sponte* questioned the timeliness of the plaintiff's appeal and requested that the parties submit memoranda on the subject. Upon consideration of the circumstances, as well as the Supreme Court's holding in *Moldovan v. Cuyahoga Cty. Welfare Dept.* (1986), 25 Ohio St.3d 293, 25 OBR 343, 496 N.E.2d 475, this court accepts jurisdiction over the matter.

In his sole assignment of error, the plaintiff alleges the trial court erred as a matter of law in failing to find that the Princeton school policy was in conflict with R.C. 3317.13 and 3317.14 and therefore unlawful.

Specifically, the plaintiff argues that policy No. 4151.2 is not a valid service requirement as set forth in the statutory provisions mentioned above and should not be applied in this case.

R.C. 3317.14 states that:

" * * * the board may establish its own service requirements provided no teacher receives less than the amount required to be paid pursuant to R.C. 3317.13 of the Revised Code * * *."

R.C. 3317.13 sets forth the minimum compensation requirements for teachers, taking into consideration various factors such as years served and teaching experience. There is no dispute in this case concerning this code section, since the plaintiff received a salary in excess of the minimum requirement (as stated in the stipulation of facts).

■ It is apparent, therefore, that since the defendant adopted a salary schedule in excess of the statutory minimum, it could, pursuant to R.C. 3317.14, promulgate its own service requirements. *Wheeler v. Bd. of Edn.* (1972), 30 Ohio App.2d 136, 59 O.O.2d 242, 283 N.E.2d 652.

■ The plaintiff asserts that Princeton policy No. 4151.2 is not a service requirement but rather a negative provision designed to prevent credit for service rendered. Policy No. 4151.2 states in pertinent part:

"Regardless of the number of years of teaching experience accumulated, a teacher in moving from one salary lane to another salary lane will be advanced only one index level for the next school year's salary and for any advancements thereafter."

The affidavit of Dr. Richard Denoyer, the Superintendent of the Board of Education, Princeton City School District, discusses the policy above, setting forth its origin and reasons for existence. Denoyer states that upon his recommendation, the Board of Education adopted policy No. 4151.2 and that this policy has been a part of Princeton's written regulations since 1980. In addition, the parties have stipulated that policy No. 4151.2 was circulated generally among the teachers in the district and that the plaintiff knew of the existence of the policy. According to Denoyer, the policy seeks to provide an incentive to teachers to obtain advanced academic degrees and increased salary compensation.

Based on these circumstances, we conclude that policy No. 4151.2 is an established service requirement within the meaning of R.C. 3317.14. See *Basler v. Princeton City School Dist.* (May 6, 1981), Hamilton App. No. C–

800305, unreported, 1981 WL 9764. Thus, the plaintiff is subject to the policy's restrictions when changing salary lanes.

Accordingly, the plaintiff's single assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

DOAN, P.J., KLUSMEIER and HILDEBRANDT, JJ., concur.