### BRANHAM, Appeal of, In re.

Ohio Appeals, Second District, Franklin County.

No. 4716.    Decided October 13, 1953.

Ganger & Ganger, Hugh McNamee, Gilbert H. Wieder, of Counsel, Cleveland, for appellant, J. E. Branham.

C. William ONeill, Atty. Genl., C. V. Thomas, Robert B. Rady, Asst. Attys. Genl., Columbus, for State Fire Marshal.

## OPINION

By MILLER, J.

This is a law appeal from the judgment of the Common Pleas Court sustaining an order of the State Fire Marshal which affirmed an order issued by Elmer M. Cain, Chief of the Division of Fire, Cleveland, Ohio. The order commanded the appellant to tear down and demolish a two story frame barn located at the rear of 8617 Quincy Avenue; to remove all materials and remedy all dangerous conditions, the reason assigned being that the same "is structurally unsafe, is in a dilapidated condition and is a fire hazard to neighboring property, and constitutes a fire hazard and endangers life and other buildings or property." The order was made under authority of §835 GC, which law as far as applicable is as follows:

"If the state fire marshal, a deputy state fire marshal, or assistant fire marshal, or any officer mentioned in the preceding section. upon an examination or inspection finds a building or other structure, which for want of proper repair, by reason of age and dilapidated condition, defective or poorly installed electrical wiring and equipment, defective chimneys, defective gas connections, defective heating apparatus. or for any other cause or reason is especially liable to fire or endangers life or other buildings or property, such officer shall order such building or buildings to be repaired, torn down, demolished, materials removed and all dangerous conditions remedied."

It should be noted first that we recognize this statute is in derogation to the rights of private property and must be strictly construed. **State, ex rel. Oil Co., v. Dauben, 99 Oh St 406.** The authority conferred upon the officer to tear down is not exclusive, but there is the further authority to order repairs to be made. This requires the exercise of a sound discretion and in construing the statute strictly it would seem that an order to destroy should issue only as a final resort; that private property should never be destroyed when it might be lawfully preserved.

In **Maxedon v. Rendigs, Commr., 9 Oh Ap 60,** at p. 61, in speaking of the powers conferred by this statute, the Court appropriately stated:

"But the property must constitute a nuisance, and the peril be imminent, to warrant such summary action as its destruction. The exercise of such power in its nature must be arbitrary, but it arises from necessity

and must always be distinctly for the public welfare and with full recognition of the inviolateness of private property as guaranteed in the Bill of Rights (Sec. 19, Art. I of the Constitution)."

In this cited case the Court found that the building could be repaired so as to meet all safety requirements and therefore enjoined its destruction, but in the case at bar there was a decided conflict in the testimony as to whether or not the building was susceptible to being repaired.

An examination of the record discloses that Emmett T. Porter, who has had twenty-four years experience with the Cleveland Fire Department, testified that the building was in a dilapidated condition, was a fire hazard and could not be repaired. Mark Booth, the Deputy State Fire Marshal, testified that the building was in a dilapidated condition, was a fire hazard and that it adjoined other buildings in which people were living. He was of the further opinion that it could not be repaired. Charles Higgins, a City Building Inspector, and former fireman, testified that the building was in a rotted condition, was structurally unsound, and unsafe for occupancy. John Dries, another City Building Inspector. testified that the building was dilapidated, out of plumb, and in danger of collapsing. Malcolm S. Douglas, Secretary of the Board of Building Superintendents and Building Appeals, a former inspecctor and consulting engineer, who had served on the faculty of Case Institute of Technology, the University of Maine, and the University of Wisconsin, testified that the building was dilapidated and in an unsafe condition and that it was about 75 per cent deteriorated.

After carefully considering the entire record we are of the opinion that the order appealed from is supported by reliable, probative and substantial evidence and is in accordance with law.

The judgment will be affirmed.

WISEMAN, PJ, HORNBECK, J, concur.