THE STATE, EX REL. ELTRA CORP., APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

(No. 73-323—Decided November 28, 1973.)

*Mr. Frank E. Gafney,* for appellant.

*Mr. William J. Brown,* attorney general, *Mr. Stephen T. Parisi, Mr. David A. Saphire, Messrs. Kaplan, Kaplan & Lehman,* and *Messrs. Knisley, Carpenter, Wilhelm & Nein,* for appellees.

*Per Curiam.* Although initially, in the Court of Appeals, there may have been some question that appellant was asserting abuse of discretion by the commission in its merit finding of permanent total disability, it is apparent that the sole issue urged here relates to whether a hearing by the commission on the question of permanent total disability was required under R. C. 4123.518. Appellant

concedes that there was a hearing on January 11, 1972, but contends that a subsequent hearing became necessary because additional evidence by way of medical reports was submitted following the original hearing. Ironically, the subsequent reports, which were favorable to appellant, were apparently not persuasive to the commission.

Since the issue revolves about the hearing requirements of R. C. 4123.518, the crucial and determinative question is whether, under this statute, the appellant was entitled to any hearing before the commission. If no hearing was required then it is unnecessary to consider whether appellant was entitled to a second hearing after the commission obtained additional evidence. We hold that no such hearing was required under R. C. 4123.518.

The first paragraph of R. C. 4123.518 reads, as follows:

"Before making or denying an award in the *appeal of a disputed claim*, a regional board of review or the Industrial Commission, as the case may be, shall afford to the claimant, the employer and the administrator an opportunity to be heard upon reasonable notice and to present the testimony of witnesses and other evidence. * * *" (Emphasis added.)

For determination herein, the relevant phrase of R. C. 4123.518 is "appeal of a disputed claim." The increase in the percentage of disability (from permanent partial to permanent total) which claimant sought and obtained from the commission was not by way of an "appeal of a disputed claim." In the first instance, the commission has jurisdiction, and is required to determine the "percentage of the employee's permanent disability" under the statute (R. C. 4123.57(B)) as well as under rule IC/WC-21-15(C) of the commission. Here, Schwartz filed a "motion" for permanent and total disability with the bureau. However, in light of the aforesaid jurisdiction of the commission under R. C. 4123.57(B) respecting percentage of permanent disability determinations, and Rules IC/WC-21-16(B) and 21-15(C)(5), this "motion" procedure was improper and should have been by application to the commission

under Rule IC/WC-21-15(B)(5). Notwithstanding such requirement, the commission apparently proceeded to handle and process the claim, thereby treating it as an application "to increase a percentage of permanent partial disability award" under Rule IC/WC-21-15(C)(5), not as an appeal, but under its original statutory jurisdiction subsequent to its original allowance.

Moreover, the phrase "appeal of a disputed claim" has particular significance in light of R. C. 4123.515, 4123.516 and 4123.517, which give special meaning to what constitutes a "disputed claim." R. C. 4123.515, in part, provides that "before making or denying an award in a disputed claim the administrator of the bureau * * * shall afford * * * opportunity to be heard * * *." Appellant makes no assertion that this statute is applicable. R. C. 4123.515 and the preceding four sections (R. C. 4123.511, 4123.512, 4123.513 and 4123.514) are all related to the initial determination by the bureau of the validity or allowability of a claim.

Thus, the "disputed claim" requirement of R. C. 4123.515 means a dispute as to the original allowability of the claim itself. R. C. 4123.516 then provides for appeals to the board of review or Industrial Commission of a "decision of the administrator of the Bureau of Workmen's Compensation," and R. C. 4123.517 requires conferences prior to the hearing of such appeals. R. C. 4123.518 then sets out the requirement of a hearing "in the appeal of a disputed claim." Thus, the conclusion is inescapable that the appeal referred to in R. C. 4123.518, and its incident opportunity to "present the testimony of witnesses and other evidence," relates to the original allowance of the claim and whether it is properly cognizable under the workmen's compensation statutes in the first instance, and not to an appeal from other decisions of the bureau which are contemplated by R. C. 4123.516 and 4123.517. This conclusion is buttressed by the fact that the decision made by the commission was not the result of an appeal to the commission under any of the foregoing statutes.

The commission did set and hold a hearing, not be-

cause this was an "appeal of a disputed claim," but pursuant to Rule IC/WC-21-15(B)(7), which permits the determination of a claim subsequent to an original allowance, with or without special hearing as the circumstances presented require. Thus, while a hearing was afforded, we find nothing in IC/WC-21-09(C), pertaining to hearings, that would prohibit the commission from obtaining evidence subsequent to such a hearing and proceeding to disposition without affording the parties an additional oral hearing. Nor does appellant urge that the rules require such an additional hearing.

For the foregoing reasons, the judgment of the Court of Appeals, denying the writ of mandamus, is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.