THE STATE, EX REL. MOLDEN, APPELLANT, *v.* CALLANDER CLEANERS COMPANY; INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as State, ex rel. Molden, *v.* Callander Cleaners Co. (1983), 6 Ohio St. 3d 292.]

(No. 83-17—Decided August 24, 1983.)

Mr. *Michael J. Muldoon,* for appellant.

Mr. *Anthony J. Celebrezze, Jr.,* attorney general, and Mr. *James E. Davidson,* for appellee.

*Per Curiam.* Without citation to legal authority, appellant contends that her appeal of the February 13, 1981 order of the district hearing officer suspended, as a matter of law, the commission's jurisdiction to order her to submit to a medical examination. Appellant's contention is devoid of merit. R.C. 4123.53 provides in relevant part as follows:

"Any employee claiming the right to receive compensation may be re-

quired by the industrial commission to submit himself for medical examination at any time, and from time to time, at a place reasonably convenient for such employee, and as may be provided by the rules of the commission. * * * If such employee refuses to submit to any such examination or obstructs the same, his right to * * * receive any payment for compensation theretofore granted, shall be suspended during the period of such refusal or obstruction."

The statute is clear and unambiguous, specifically authorizing the commission to require any claimant seeking benefits under the Workers' Compensation Act to submit to a medical examination "at any time, and from time to time" at the risk, *inter alia,* of forfeiting the right to receive compensation theretofore granted. Moreover, the statute contains no reference whatsoever that an appeal from an order of a district hearing officer operates to suspend the commission's jurisdiction to order claimants to submit to medical examinations.

Implicit within appellant's argument is an invitation that this court insert the following phrase into the statute: "But no medical examination shall be conducted while a claimant's appeal is pending before a regional board of review or the Industrial Commission." We categorically reject this invitation since it is well-settled that when a statute is free from ambiguity this court will not, under the guise of judicial interpretation, "* * * delete words used or * * * insert words not used [within a statute]." *Columbus-Suburban Coach Lines* v. *Pub. Util. Comm.* (1969), 20 Ohio St. 2d 125, 127 [49 O.O.2d 445]; *Wheeling Steel Corp.* v. *Porterfield* (1970), 24 Ohio St. 2d 24, 28 [53 O.O.2d 13]; *Bernardini* v. *Bd. of Edn.* (1979), 58 Ohio St. 2d 1, 4 [12 O.O. 3d 1]; *Dougherty* v. *Torrence* (1982), 2 Ohio St. 3d 69, 70; *Ohio Assn. of Pub. School Emp.* v. *Twin Valley Local School Dist. Bd. of Edn.* (1983), 6 Ohio St. 3d 178, 181.

Appellant further contends that she was not afforded a hearing and the opportunity to present evidence prior to the commission's February 17, 1982 order, in accordance with R.C. 4123.515. This precise issue was rejected by this court in *State, ex rel. Eltra Corp.,* v. *Indus. Comm.* (1973), 36 Ohio St. 2d 96, 99 [65 O.O.2d 245], wherein it was concluded that "* * * R.C. 4123.515 * * * [relates] to the initial determination by the bureau of the validity or allowability of a claim."

The subject order was not issued by a district hearing officer regarding the initial determination of the validity or allowability of a claim. Instead, the order was issued by the commission *after* the initial determination of appellant's claim, in view of her repeated refusal to consent to a psychological examination. Accordingly, appellant's reliance on R.C. 4123.515 is misplaced.

Parenthetically, we wish to emphasize that a review of the entire record fails to disclose any assertion or explanation on appellant's behalf setting forth a single reason as to her inability to attend the June 15, 1981 medical examination. Nonetheless, if appellant has sought to proffer an explanation, she could have submitted a motion to the commission in accordance with Ohio

Adm. Code 4121-3-16 (B). Thereafter, appellant could have requested a special hearing in conformity with Ohio Adm. Code 4121-3-09 (C). Neither avenue, however, was pursued.

For the foregoing reasons, the judgment of the court of appeals denying the writ is hereby affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.