THE STATE, EX REL. LAMPKINS, APPELLANT, *v.* DAYTON MALLEABLE, INC. ET AL., APPELLEES.

[Cite as State, ex rel. Lampkins, *v.* Dayton Malleable, Inc. (1984), 11 Ohio St. 3d 46.]

(No. 83-624—Decided May 23, 1984.)

*Mr. Michael J. Muldoon,* for appellant.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. James E. Davidson,* for appellee Industrial Commission.

*Per Curiam.* At the outset we note that appellant's complaint is directed to the August 14, 1981 order of the Industrial Commission arising from a hearing of which he concedes he had notice. He contends, however, that such notice was inadequate in that it was a reiteration of the extent of disability question that had been urged uniformly by the employer up through the appeals level of the Columbus Regional Board of Review and that no questions concerning payment for the prescribed drugs specified in the order of the commission had been previously raised.[1]

Appellant's position is based upon R.C. 4123.515 which states in part that, "[w]here there is a disputed claim, the administrator of the bureau of workers' compensation or one of his deputies shall refer that claim to the appropriate district hearing officer. The district hearing officer shall afford to the claimant and the employer an opportunity to be heard upon reasonable notice and to present testimony and facts pertinent to the claim. * * *" While this statute is concerned with hearings on disputed claims at an appeals level below that of the Industrial Commission, R.C. 4123.518 does, however, afford opportunity to be heard and to present evidence before a regional board of review or the commission "[b]efore making or denying an award in the appeal of a disputed claim, * * *." As stated in *State, ex rel. Eltra Corp., v. Indus. Comm.* (1973), 36 Ohio St. 2d 96, 98 [65 O.O.2d 245], "* * * the relevant phrase of R.C. 4123.518 is 'appeal of a disputed claim.' " *Eltra* defines a disputed claim as meaning "* * * a dispute as to the original allowability of the claim itself." The claim in the instant case was initially recognized and allowed, so that throughout the appeal process the question was one as to extent of disability.

The hearings afforded prior to the hearing giving rise to the August 14, 1981 order were pursuant to R.C. 4123.516 and 4123.517 and related to appeals from "a decision" and not "an appeal of a disputed claim." Thus, the opportunity to be heard and present evidence, as is prescribed only by R.C. 4123.515 and 4123.518, was not present. As in *Eltra,* here there was no

---

[1] Appellant notes that the August 14, 1981 order of the commission is designated as supplemental to its prior order of April 6, 1981. He states that he never received the April 6 order and contends that the original claim file reflects that such order was neither signed nor mailed, the significance of that order being that it does refer to an upcoming question of proper medication. The April 6, 1981 order, whether issued or not, does recite that it arose from a hearing attended by the claimant, his wife and the parties' representatives. We do not here attempt to resolve an apparent factual dispute not specifically before the court of appeals as to whether the April 6, 1981 order of the commission was actually issued by the commission or received by appellant. Nor is such resolution crucial to our decision herein. We do note, however, that R.C. 4123.522 requires "* * * notice of any hearing, determination, order, award or decision under the provisions of Chapter 4123. of the Revised Code." The statute then provides a mechanism by which one who claims failure to receive such notice may pursue such claim with the commission upon showing that such failure was beyond the control of such person and that such person or representative did not have knowledge of the information contained in such notice. Thus, appellant has available an administrative remedy concerning his alleged failure to receive notice of the April 6, 1981 order of the commission.

disputed claim to which opportunity to be heard and present evidence attached. Consequently, there was no inadequacy of notice.

Appellant's reliance on *State, ex rel. Company,* v. *Indus. Comm.* (1976), 49 Ohio App. 2d 351 [3 O.O.3d 322], is misplaced. In that case the nature of the claim was changed by the commission from injury to occupational disease and allowed after previously having been treated and disallowed as an injury claim by the Bureau of Workmen's Compensation. At no point was the employer in *Company* alerted to any upcoming question of consideration for occupational disease. As such, the allowance for occupational disease therein would appropriately fall within the *Eltra* definition of disputed claim, *i.e.,* allowability of right to participate.

Appellant also argues that he is forever foreclosed from receiving allowance for the specified prescription drugs to which the commission's order of August 14, 1981 was directed. This contention, though, ignores R.C. 4123.52 which states in relevant part:

"The jurisdiction of the industrial commission over each case shall be continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified."

For reason of the foregoing, the judgment of the court of appeals, denying the writ, is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.