THE STATE, EX REL. HARSHAW CHEMICAL COMPANY, APPELLANT, *v.* ZIMPHER ET AL., APPELLEES.

THE STATE, EX REL. EATON CORPORATION, APPELLANT, *v.* ZIMPHER ET AL., APPELLEES.

[Cite as State, ex rel. Harshaw Chemical Co., *v.* Zimpher (1985), 18 Ohio St. 3d 166.]

(Nos. 84-1746 and 84-1747—Decided July 10, 1985.)

*Willacy & Lopresti, Aubrey B. Willacy* and *Timothy A. Marcovy,* for appellants Harshaw Chemical Co. and Eaton Corp.

*Anthony J. Celebrezze, Jr.,* attorney general, *Michael L. Squillace* and *Janet E. Jackson,* for appellee Industrial Commission.

*Joseph Zito,* for appellee Deborah Weaver in case No. 84-1747.

*Per Curiam.* The primary issue before this court is whether the availability of an administrative appeal within the Industrial Commission constitutes an adequate remedy at law.

The appellants attack the adequacy of the administrative remedies on several grounds. First, it is asserted that both the Industrial Commission and the regional board of review lack the authority to remand the appealed claims to the respective district hearing officers to supply the allegedly

deficient findings and rationale. As a result, it is contended that the available administrative remedies are unable to provide the relief sought in the mandamus actions.

In an appeal to the regional board of review or the Industrial Commission, the parties are afforded the opportunity to present the testimony of witnesses and other evidence. R.C. 4123.518. This review relates to the original allowance of the claim and whether it is cognizable under the workers' compensation statutes in the first instance. *State, ex rel. Eltra Corp.,* v. *Indus. Comm.* (1973), 36 Ohio St. 2d 96, 99 [65 O.O.2d 245]. Further, both of these administrative bodies must specify the evidence on which a decision is based and must briefly explain a decision as to benefits. *State, ex rel. Mitchell,* v. *Robbins & Myers, Inc.* (1983), 6 Ohio St. 3d 481.

In light of the nature of the proceedings before these administrative bodies, it becomes apparent that if the appellants were to pursue the presently pending administrative appeals, they would have the opportunity to challenge the district hearing officers' orders on the basis that they were not supported by the allegedly requisite findings and conclusions.

Accordingly, the pending administrative appeals constitute adequate remedies whereby appellants could either seek to have the district hearing officers' decisions overturned, or secure an "adequate" findings of fact and supporting rationale to justify the reviewing body's decision.

In both of the actions at bar, appellants seek the award of attorney fees. In view of our upholding of the appellate courts' conclusions regarding the adequacy of the available administrative appeals, we find appellants' prayers for attorney fees to be unwarranted.

In case No. 84-1746, appellant Harshaw Chemical raises a number of additional propositions of law. First, it is argued that the appeal before the Industrial Commission is an inadequate remedy on the grounds that the Industrial Commission has already ruled adversely on appellant's right to a statement of findings of fact and legal reasons underlying the district hearing officer's decision. This was allegedly accomplished when John Roach, then Chief Hearing Officer for the Industrial Commission, dismissed appellant's February 16, 1982 motion.

We find this argument unpersuasive. Appellant's February 16 motion was brought before the commission pursuant to Ohio Adm. Code 4121-3-16(B). This rule specifically provides that "[i]n no event should a motion be used as a substitute for an appeal * * *." Hence, the Chief Hearing Officer's ruling on relator's motion is not *res judicata* as to the Industrial Commission's review of Harshaw Chemical's appeal. Although Roach was an employee of the commission, his order did not supersede those of the commission, nor did it divest the commission's jurisdiction to hear the employer's appeal.

Next, it is asserted that the court of appeals wrongfully denied appellant's request for an order enjoining the regional board of review from hearing the employer's pending appeal. This is a moot issue. The hearing

which appellant sought to enjoin has been completed. It is impossible for this court to render any relief under these circumstances. *Miner* v. *Witt* (1910), 82 Ohio St. 237.

Finally, appellant charges that the hearing before the district hearing officer constituted a denial of due process. This argument has no bearing on the issue presently before this court, *i.e.,* whether appellant has an available adequate remedy at law. This final argument would be more appropriately brought before the Industrial Commission in the employer's pending appeal.

In order for this court to issue a writ of mandamus, relators must establish: (1) that they have a clear legal right to the relief prayed for; (2) that respondents are under a clear legal duty to perform the requested acts; and (3) that relators have no plain and adequate remedy in the ordinary course of the law. *State, ex rel. Westchester,* v. *Bacon* (1980), 61 Ohio St. 2d 42 [15 O.O.3d 53], paragraph one of the syllabus. We find that appellants have available an adequate remedy in the form of administrative appeals. Accordingly, we affirm the judgments of the court of appeals in case Nos. 84-1746 and 84-1747.

> *Judgment affirmed in*
> *case No. 84-1746.*
> *Judgment affirmed in*
> *case No. 84-1747.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.