FRY, APPELLANT, *v.*
HILDEBRANT ET AL., APPELLEES.

(No. CA84-11-073—Decided
July 31, 1985.)

*Gary A. Rosenhoffer,* for appellant.
*Timothy Oliver,* assistant prosecuting attorney, for appellees.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Warren County.

The fundament of the litigation now before us concerns whether defendants-appellees, who comprise the Warren County Board of County Commissioners, can require plaintiff-appellant, Pamela E. Fry, to cause her home to be connected to a sewer line passing in front of it.

Pursuant to Resolution No. 83-360, appellant was ordered to connect her premises, located at 7795 Hopkins Road, Mainville, Warren County, Ohio, to a recently constructed sanitary sewer system within the Lower Little Miami Sewer Improvement Area. Appellant responded by filing a declaratory judgment action in the Warren County Court of Common Pleas asking the court to find that her property was exempt from the connection order because (1) the foundation wall from which sewage is discharged is more than two hundred feet from the sewer right-of-way,[1] and (2) that the sewer was not accessible to the premises. After appellees filed an answer, both parties filed motions for summary judgment with supporting memoranda and affidavits. On August 31, 1983, the court issued a decision finding that appellees were entitled to judgment as a matter of law and dismissing appellant's complaint. A judgment entry to this effect was filed on November 10 of the same year.

Having timely filed a notice of appeal to this court, appellant now presents the following two assignments of error for our consideration:

Assignment of Error No. 1

"The trial court committed reversible error when it granted the appellees' motion for summary judgment and ordered that the complaint herein be dismissed where genuine issues as to material facts exist."

Assignment of Error No. 2

"The trial court committed reversi-

---

[1] R.C. 6117.51, the statute which authorizes boards of county commissioners to order sewer connections where sewer lines are available and accessible, does not apply to "[a]ny premises in which the foundation wall of the structure from which sewage or other waste originates is more than two hundred feet from the nearest boundary of the right-of-way within which the sewer is located" (R.C. 6117.51[C]).

ble error when it strictly construed a statute creating an exemption against the property owner-appellant."

For her first assignment of error, appellant contends that the trial court improperly granted appellees' motion for summary judgment because to do so it was required to weigh the evidence and to determine the credibility of witnesses. These practices are, of course, improper when considering a motion for summary judgment. See Civ. R. 56(C).

First, appellant contends that the trial court erred when it determined that the right-of-way for Hopkins Road extended thirty feet on either side of the center line of the road — when conflicting evidence was presented on this matter. However, an examination of the record reveals that all of the evidence presented, *including* exhibits "C" and "D" attached to appellant's affidavit which appellant maintains state otherwise, does in fact indicate that the right-of-way extends thirty feet from the center line of Hopkins Road.

The most prominent evidence on this issue is contained in the affidavits of Jerry Stiles, Deputy of Planning and Design for Warren County, and Richard Renneker, Sanitary Engineer for Warren County. Both affidavits state that the right-of-way is thirty feet from the center of Hopkins Road. Exhibit "C," which is a letter and map sent to appellant by Stiles, is consistent with these statements despite appellant's assertions to the contrary. Exhibit "D," a map which appellant contends depicts "a separate and distinct sewer easement within the existing roadbed of Hopkins Road," does no such thing. The map contains a drawing of a sewer line within the right-of-way for Hopkins Road, but no mention is made of a separate easement.

Second, appellant contends that the trial court chose to believe the statement by Stiles, in his affidavit to the effect that the right-of-way was thirty feet on either side of the center line of Hopkins Road over another conflicting statement by Stiles to the effect that the right-of-way was only fifteen feet either side of the center of the road. However, appellant characterizes exhibit "C," described above, as a conflicting statement on the right-of-way issue. As previously indicated, we find no discrepancy between exhibit "C" and Stiles' affidavit. As a result, we find that there was no error on the part of the trial court in concluding that the sewer right-of-way extended thirty feet from the center line of Hopkins Road.

Therefore, we conclude that the trial court did not improperly weigh the evidence before it, and accordingly find appellant's first assignment of error to be without merit.

In her second assignment of error, appellant contends that the trial court erred by failing to construe the exemption language of R.C. 6117.51(C) in a manner most favorable to the property owner. Appellant asserts that the statutory language that exempts "[a]ny premises in which the foundation wall of the structure from which sewage or other waste originates is more than two hundred feet from the nearest boundary of the right-of-way within which the sewer is located" can be construed to mean either that (1) the *structure from which the sewage or other waste originates* must be two hundred feet from the right-of-way, or (2) the *wall of the structure from which the sewage originates* must be two hundred feet from the right-of-way. As the record indicates that only part of the front retaining wall of appellant's residence is within two hundred feet of the right-of-way, and that sewage does not "originate" from this wall, appellant contends that the statutory ambiguity described above should be construed in her favor, thus exempting her from appellees' order to connect to the sewer

system. Appellant bases her argument on the basic tenet of statutory construction that statutes interfering with the use of private property should be strictly construed against the state. See *State, ex rel. Moore Oil Co.,* v. *Dauben* (1919), 99 Ohio St. 406, paragraph one of the syllabus; *In re Appeal of Branham* (App. 1953), 70 Ohio Law Abs. 491, 492.

However, we find appellant's argument to be unpersuasive because the interpretation of the statute necessary for appellant to prevail contorts the plain meaning of the wording of the statute by postulating that sewage "originates" from a *wall.* Common sense and the ordinary meaning of the words of the statute dictate that sewage be viewed not as originating from a wall, but from a *structure,* for it is from within a structure or premises that sewage in fact has its beginning. Once this common-sense construction is applied to the words of the statute, the claimed ambiguity disappears: if the foundation wall of "the structure from which sewage or other waste originates," meaning *any* foundation wall of such structure, is within two hundred feet of the right-of-way within which the sewer is located, the exception in R.C. 6117.51(C) does not apply.

When a statute is free from ambiguity, its words should be applied according to their plain meaning, and no modification should be made in the guise of interpretation. *State, ex rel. Molden,* v. *Callander Cleaners Co.* (1983), 6 Ohio St. 3d 292, 294; *Bernardini* v. *Board of Edn.* (1979), 58 Ohio St. 2d 1, 4 [12 O.O.3d 1]. As the plain meaning of the language of R.C. 6117.51(C) indicates that the exemption is inapplicable to structures that have any foundation wall within two hundred feet of a sewer right-of-way, and the evidence clearly establishes that appellant's residence fails to meet this requirement, the trial court properly granted appellees' motion for summary judgment and dismissed appellant's complaint for declaratory judgment. Appellant's second assignment of error is, accordingly, overruled.

The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.

*Judgment affirmed.*

KOEHLER, P.J., JONES and HENDRICKSON, JJ., concur.