THE STATE, EX REL. GENERAL MOTORS CORP., ASSEMBLY DIV., APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

(No. 85AP-756 — Decided January 28, 1986.)

*Baughman & Assoc. Co., L.P.A.,* and *Christine C. Covey,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, *Dennis Hufstader* and *Mitchell A. Stern,* for appellee Industrial Commission.

*Weiner, Orkin, Abbate & Suit Co., L.P.A.,* and *Edwin S. Weiner,* for appellee Paul Dillon.

STRAUSBAUGH, J. Relator-appellant appeals from the judgment of the Court of Common Pleas of Franklin County denying relator's petition for a writ of mandamus.

Appellee Paul Dillon, an employee of relator, General Motors Assembly Division, was allowed a claim for an injury he sustained as a result of falling down stairs in May 1977. In November 1981, appellee filed a written motion with the Bureau of Workers' Compensation which included three requests: payment of fee bills to a physician, payment of temporary total benefits from October 1980 to the present, and authorization to obtain and use a TENS unit (transcutaneous nerve stimulator unit — a portable therapeutic device designed to provide localized pain relief). A district hearing officer issued an order requiring the employer to pay for two months' rental for the TENS unit. Both parties appealed this order. The Regional Board of Review ("board") affirmed the district hearing officer's order.

Both parties appealed the board's affirmance to the Industrial Commission. The notice of hearing, mailed to both parties, contained the following description of the issue to be considered:

"'Claimant's C-86 filed 11-5-81 for payment of the bills, T.T. comp and authorization for TNS unit.''

An order was issued requiring the employer to purchase a whirlpool. Thereafter, the Industrial Commission denied relator's request for reconsideration.

Relator asserts the following two assignments of error:

"1. The Court of Common Pleas violated Appellant's right to due process and committed prejudicial error by denying appellant's mandamus petition; which petition was based upon the Industrial Commission's failure to provide reasonable prehearing notice to appellant of the issue actually determined by the Staff Hearing Officers.

"2. The Court of Common Pleas committed error prejudicial to appellant by denying appellant's mandamus petition and refusing to set aside the order of the Industrial Commission where its Staff Hearing Officers exceeded the scope of their appellate jurisdiction by determining an issue which had neither been presented for their determination by the parties nor determined by the two lower administrative tribunals."

Inasmuch as the two assignments of error are interrelated, they will be jointly addressed.

Relator's position is that the failure to initially include the whirlpool as a treatment modality precludes its consideration any further in the procedural process. This view is not well-taken and the judgment of the trial court is affirmed.

Relator contends that R.C. 4123.518 requires reasonable notice to be given the parties, including issues for which they will have an opportunity to submit evidence; because the TENS unit was the only treatment modality requested, any other treatment method was barred from consideration unless mentioned in subsequent notices. However, this analysis is incorrect.

The Supreme Court has interpreted the notice requirement of R.C. 4123.518 as relating to the *original* allowance of the claim and whether it was properly cognizable under the workers' compensation statute in the first instance. *State, ex rel. Eltra Corp.,* v. *Indus. Comm.* (1973), 36 Ohio St. 2d 96, 99, 65 O.O. 2d 245, 247, 304 N.E. 2d 239, 241. When the claim is recognized and allowed, the issue on appeal is one of "extent of disability." *State, ex rel. Lampkins,* v. *Dayton Malleable, Inc.* (1984), 11 Ohio St. 3d 46, 47, 11 OBR 193, 194, 463 N.E. 2d 380, 381.

Here, the claim was allowed in 1977; at issue in the reactivation of the claim was the possible course of treatment. R.C. 4123.52 provides that the Industrial Commission has continuing jurisdiction to modify or change an order — that is precisely what occurred in the instant case. Evidence in the record indicated that claimant's physician identified whirlpool treatments as successful in alleviating claimant's pain. The commission merely substituted the treatment modality which the employer was required to provide.

Relator's reliance on *State, ex rel. Finley,* v. *Dusty Drilling Co.* (1981), 2 Ohio App. 3d 323, 2 OBR 366, 441 N.E. 2d 1128, is misplaced. There, the relator was notified of the time, date, and location of the hearing but not the *subject matter.* Here, relator was notified of the time, date, location, *and* the subject matter — the course of treatment for the claimant. Accordingly, all due process requirements were satisfied in the instant case.

Relator's two assignments of error are overruled, and the judgment of the court of common pleas is affirmed.

*Judgment affirmed.*

REILLY, P.J., and NORRIS, J., concur.