BERNARDINI, APPELLEE, *v*. BOARD OF EDUCATION FOR THE
CONNEAUT AREA CITY SCHOOL DISTRICT, APPELLANT.

(No. 78-619—Decided April 4, 1979.)

2

*Green, Schiavoni, Murphy, Haines & Sgambati Co., L. P. A.,* Mr. Dennis Haines, Mr. Ronald G. Macala, and Mr. Barry R. Laine, for appellee.

*Messrs. Squire, Sanders & Dempsey, Mr. John F. Lewis* and *Mr. B. Casey Yim,* for appellant.

CELEBREZZE, C. J. The crux of this appeal involves a judicial analysis of the statutory language found in R. C. 3317.13. The statute deals with the minimum salary schedule for teachers and outlines the process to be followed in calculating those salaries. The pertinent provisions of the statute read as follows:

"(A) As used in this section, *'years of service' includes the following*:

"(3) *All years of active military service in the armed forces of the United States, as defined in section 3307.02 of the Revised Code, to a maximum of five years.* For purposes of this calculation, a partial year of active military service of eight continuous months or more in the armed forces shall be counted as a full year.

"(B) *No teacher employed by any board of education shall be paid a salary less than that provided in the schedule set forth in division (C) of this section. In calculating the minimum salary any teacher shall be paid pursuant to this section, years of service shall include the sum of all years of the teacher's teaching service included in subdivisions (1), (2) and (3) of division (A) of this section * * *.*" (Emphasis added.)

Appellant contends the language of the statute reveals a legislative intent to limit the military service credit, authorized by R. C. 3317.13(A)(3), to individuals who have both graduated from college and received their certification as teachers *prior* to entering the armed forces.[1] The appellee asserts that a perusal of the statute does not in-

---

[1]The appellant has also raised the argument that to interpret the statute as did the Court of Appeals would unconstitutionally discriminate against women and non-veterans. This particular issue was not dealt with by either the trial court or the Court of Appeals. However, since appellant is not within the class allegedly discriminated against, it lacks standing to so challenge R. C. 3317.13 on the grounds that it is violative of another's right to equal protection. See *Witham* v. *South Side Building & Loan* (1938), 133 Ohio St. 560, 562.

4

dicate any such limitation on when an individual must serve his country in order to qualify for the credit. Therefore, *all* military service, up to a maximum of five years, must be acknowledged, even though it may precede graduation and certification.[2] We agree with the latter interpretation of the relevant statutory language.

When this court has been called upon to give effect to an Act of the General Assembly, a standard of judicial restraint has developed when the wording of the enactment is clear and unambiguous. For example, a statute that is free from ambiguity and doubt is not subject to judicial modification under the guise of interpretation. *Crowl* v. *Deluca* (1972), 29 Ohio St. 2d 53, 58-59; *Slingluff* v. *Weaver* (1902), 66 Ohio St. 621.[3] In ascertaining the legislative intent of a statute, "It is the duty of this court to give effect to the *words used* [in a statute], not to delete words used *or to insert words not used.*" (Emphasis added.) *Columbus-Suburban Coach Lines* v. *Pub. Util. Comn.* (1969), 20 Ohio St. 2d 125, 127; *Wheeling Steel Corp.* v. *Porterfield* (1970), 24 Ohio St. 2d 24, 28. Furthermore, whether an act is wise or unwise is a question for the General Assembly and not this court. *Olin Mathieson*

[2]The Court of Appeals came to a similar conclusion. In addition, the appellant has claimed that the Court of Appeals erroneously rendered summary judgment for the appellee instead of remanding the cause to the trial court for a determination of a factual issue concerning the possible "waiver" of appellee's right to the credit provided by R. C. 3317.13. A scrutiny of the decision of the trial judge, however, reveals his conclusion that the affidavits presented on the cross-motions for summary judgment did not give rise to any "genuine issue of material fact for trial." Thus, the Court of Appeals was not in error by entering final judgment for the plaintiff-appellee pursuant to App. R. 12(B).

[3]Paragraph two of the syllabus of *Slingluff* reads:

"But the intent of the law-makers is to be sought first of all in the language employed, and if the words be free from ambiguity and doubt, and express plainly, clearly and distinctly, the sense of the law-making body, there is no occasion to resort to other means of interpretation. The question is not what did the General Assembly intend to enact, but what is the meaning of that which it did enact. That body should be held to mean what it has plainly expressed, and hence no room is left for construction."

*Chemical Corp.* v. *Ontario Store* (1967), 9 Ohio St. 2d 67, 70.

With the foregoing in mind, the obvious intent of the General Assembly is clearly discernible from the plain and simple language of R. C. 3317.13(A)(3). For purposes of computing a teacher's "years of service," subdivision (A)(3) unequivocally declares that such individual will be given credit for "[a]*ll years* of active military service in the armed forces of the United States, * * * to a maximum of five years." (Emphasis added.) In addition, subdivision (B) indicates that a teacher "employed by any board of education" shall have his years of "teacher's teaching service" calculated in accordance with (A)(1)-(*3*) above.

The appellant argues that the use of the phrase "teacher's teaching service" exhibits an intent to limit the military service credit to someone qualified to be a teacher *before* he entered the military. However, as noted by the Court of Appeals, that portion of the statute cannot be construed in isolation and must be read in conjunction with subdivisions (A) (1)-(3) to which it specifically refers.

If the General Assembly had so intended to limit the application of R. C. 3317.13 it would not have done so by the use of the phrase "teacher's teaching service" in subdivision (B) and thereby require the strained interpretation of the statute suggested by the appellant. If that was indeed the goal of the lawmakers, language to that effect would have been inserted in a more logical section of the statute where its meaning would have been free from doubt—R. C. 3317.13(A)(3). The fact that it did not so limit the statutory language is obvious, and it is not the prerogative of this court to "insert" words imposing such a restriction. *Columbus-Suburban, supra; Wheeling Steel Corp., supra.*

The reasons for restricting the service credit offered by the appellant are not unreasonable. However, even if this court were to agree that a more equitable situation would arise under such an interpretation of the statute, the wisdom of what has already been enacted is not a subject of judicial concern. *Olin Mathieson, supra.*

In the arguments presented to this court appellant has

6

compared the predecessors of R. C. 3317.13 with the current statute as further evidence that the service credit applies solely to someone who has attained the status of a "teacher" prior to entering the military. The military credit provision surfaced initially with the enactment of G. C. 4848-4a in 1951. The applicable portion of that statute indicated that *"any person* employed in any public school system in Ohio who has served or who may serve in the armed forces of the United States shall be given full service credit for time spent in such armed forces." (Emphasis added.) The "any person" language was carried over into R. C. 3317.06, replacing the former statute in 1953, and retained that posture until it was amended in 1960 to apply only to "teachers." Effective January 1, 1960, the pertinent provisions of R. C. 3317.06 read as follows:

"A board of education shall provide in the teachers salary schedule, adopted pursuant to section 3317.14 of the Revised Code, that *each teacher* employed by the board shall be *given full credit on such schedule for each year of service outside the district as a regular public school teacher or for service in the armed forces of the United States or a combination thereof to a total of at least five years*. The salary increments granted for such service shall be the same as those currently granted by the employing board to teachers without teaching service in other school districts or without service in the armed forces. 'Armed forces' as used in this section has the meaning set forth in section 3307.02 of the Revised Code." (Emphasis added.) The current statute, R. C. 3317.13, came into existence in 1967 and retained language limiting the credit to "teachers" as previously indicated in R. C. 3317.13(B).

Under the earlier statutory provisions, by the use of the phrase "any person," it would appear that the military service credit applied to both teaching and non-teaching personnel. Furthermore, it would therefore seem logical that such military service was acknowledged and credited regardless of when it took place. Indeed, the few courts that dealt with the aforementioned predecessors to R. C. 3317.13 concluded that service in the

armed forces need not be performed *after* a teacher became employed by a school board. *Schleuter* v. *Bd. of Edn.* (1960), 12 Ohio Misc. 186; See *Bd. of Edn.* v. *Butts* (Clark Co. Ct. App. 1965), 230 N. E. 2d 125;[4] See, also, *Bd. of Edn.* v. *Manoloff* (1963), 5 Ohio Misc. 113.[5] The issue of whether that service must be both prior to employment and certification as a teacher was not specifically addressed.[6]

Although R. C. 3317.06, effective January 1, 1960, and R. C. 3317.13 both limited the military credit to teachers, that change, *in and of itself*, does not automatically impose a prerequisite of certification when the statutory lan-

---

[4] *In King* v. *Bd. of Edn.* (1968), 15 Ohio St. 2d 117, the decision in *Butts, supra*, was certified as being in conflict with a decision of the Court of Appeals for Lucas County. In a *per curiam* opinion this court held that the pertinent provisions of R. C. 3317.06, and G. C. 4848-4a prior to the amendment to R. C. 3317.06 in 1960, did not require salary credits for prior military service in salary schedules established by a board of education, pursuant to R. C. 3317.14, when the board's established salaries were higher than the statutory minimum. This court did not pass upon the question of whether military service occurring prior to one's employment with a school board was *per se* excluded from the credit provisions of the forerunners to R. C. 3317.13.

[5] On two occasions the Ohio Attorney General has also been called upon to render an opinion concerning the question of whether a teacher was entitled to service credit for time spent in the armed forces prior to his first teaching position. The answer to that question was in the affirmative under both the "any person" language of G. C. 4848-4a and the specific reference to "teacher" in R. C. 3317.06. See 1951 Ohio Atty. Gen. Ops. 754, 926; 1960 Ohio Atty. Gen. Ops. 114, 1165. In neither opinion was the distinction made that the service performed could be prior to employment but only after certification.

[6] It is enlightening to note that in support of plaintiff-appellee's motion for summary judgment filed in the trial court he included affidavits from seven other teachers employed by the appellant. A perusal of those affidavits reveals that each teacher received military service credit when he was hired by the board. The credit was given despite the fact that, in six of these cases, the affiant's military service had been *prior* to graduation from college *and* teacher certification. Those teachers were hired during 1951-1953, 1959, 1960 and 1962.

The observation that can be drawn from this procedure is that the appellant did *not* consider the "any person" language of G. C. 4848-4a and R. C. 3317.06 up to 1960, as well as the narrowing of the latter statute to apply only to teachers after January 1, 1960, to preclude a teacher from receiving the service credit despite the timing of that service.

guage is conspicuously devoid of any such restriction. Clearly, if the General Assembly desired to change the result permissible under the "any person" language of the earlier provisions, as indicated earlier, words to that effect would have been inserted in R. C. 3317.13(A)(3). The mere use of the word "teacher" or "teacher's teaching service" does not warrant this court in judicially engrafting upon the statute the prerequisites urged by the appellant when the General Assembly has failed to do so. The absence of such a limitation seems to indicate that one of the goals of the legislature was to reward the veteran for taking time off in the pursuit of his civilian career to serve his country, whether that meritorious service was performed before or after he was certified to enter the ranks of academia.[7]

In conclusion, in light of the clear and unambiguous language of R. C. 3317.13(A)(3), all years of active military service in the armed forces of the United States will be considered "years of service" for purposes of R. C. 3317.13, up to a maximum of five years, even though that service took place prior to graduation and certification as a teacher.[8] Furthermore, pursuant to the provisions of R.

---

[7]As indicated by the specific language of R. C. 3317.13(A)(3), the credit is not open-ended, and therefore a career soldier who later decided to embark on a career in teaching would still be limited to the statutory maximum of five years credit.

[8]The argument has been put forth that various inequities could occur under this particular interpretation of the statute. For example, should the individual who spends time in the military, is discharged and enters a career other than teaching, and then later decides to become a teacher, reap the rewards outlined in R. C. 3317.13? However, this writer does not believe that the goal of the General Assembly would be any better served by one who graduates from college and receives his certification, enters the military, is discharged and pursues a career other than teaching until some future date when he decides to utilize his degree in education.

Furthermore, to interpret the statute as argued by the appellant not only would require a strained construction of the statutory language but also would limit the application of its provisions to a small class of individuals. The latter argument, which follows, was raised in the appellee's supplemental hearing brief filed in the Court of Common Pleas and indicates the following:

C. 3317.14, the appellee would be entitled to the military service credit even though the salary schedules of the appellant might exceed the statutory minimums provided for in R. C. 3317.13.[9] Accordingly, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

HERBERT, W. BROWN, SWEENEY and HOLMES, JJ., concur.

CONNORS and PRYATEL, JJ., dissent.

CONNORS, J., of the Sixth Appellate District, sitting for P. BROWN, J.

PRYATEL, J., of the Eighth Appellate District, sitting for LOCHER, J.

---

"Defendant is asking this Court to declare that Sections 3317.13 and 3317.14 apply only to individuals who have graduated from college, obtained a teaching certificate and then entered the military. Plaintiff respectfully urges the Court to seriously consider this proposition. How many individuals would, as a practical matter, follow the progression suggested by Defendant? If a person devotes four (4) years of his life to obtaining a college education and then takes pains to obtain a teaching certificate from the State of Ohio, it is highly unlikely, indeed quite improbable, that that individual will then voluntarily enter the military service and forego a career in teaching. A person who graduates from college and obtains a teaching certificate will seek to maximize his earning power by immediately entering the field in which he has been trained. Realistically then, the number of individuals who would benefit from Defendant's interpretation of Sections 3317.13 and 3317.14 would be infinitesimal and at most minimal. Defendant's proposed construction of Sections 3317.13 and 3317.14 therefore strips these statutes of any significance or meaningful benefit. Certainly, the legislature could not possibly have intended such an unjust result."

[9]R. C. 3317.14 reads, in pertinent part:

"Any board of education participating in funds distributed under Chapter 3317. of the Revised Code shall annually adopt a teacher's salary schedule with provision for increments based upon training and years of service. *Notwithstanding section 3317.13 of the Revised Code, the board may establish its own service requirements provided no teacher receives less than the amount required to be paid pursuant to section 3317.13 of the Revised Code and provided full credit for a minimum of five years of actual teaching and military experience as defined in division (A) of section 3317.13 of the Revised Code is given to each teacher.*" (Emphasis added.)

PRYATEL, J., dissenting. While I agree with the majority that all years of active military service must be considered "years of service" for purposes of R. C. 3317.13, up to a maximum of five years, even though the service took place prior to graduation and certification, I disagree with the appellate court's granting of summary judgment in favor of appellee. It is my considered opinion that a genuine issue as to a material fact exists concerning whether appellee waived his right to military service credit by commencing his employment without any reservation of rights and continuing to accept the salary paid by the board as full and complete compliance with his contract. Footnote two of the majority's opinion relies upon the conclusion of the trial judge, that the affidavits presented along with the cross-motions for summary judgment did not give rise to "any genuine issue of a material fact." Reliance on this finding of the trial judge is misplaced because, in so concluding, the trial judge was proceeding upon an erroneous application of R. C. 3317.13. I would remand the cause to the trial court.