SHEARER, APPELLANT, *v.* CUYAHOGA COUNTY HOSPITAL, SUNNY ACRES, APPELLEE.

(No. 52144—Decided December 8, 1986.)

*Ross S. Cirincione,* for appellant.
*John T. Corrigan,* prosecuting attorney, and *Michael P. Butler,* for appellee.

*Per Curiam.* This timely appeal follows a judgment entry affirming the decision of the State Personnel Board of Review dismissing the appeal for lack of jurisdiction.

The appellant, Barbara J. Shearer, was hired by the Cuyahoga County Hospital system as a registered nurse at Sunny Acres on May 10, 1982. At that time, her position was classified under R.C. 124.11. On October 4, 1984, the addition of R.C. 124.11(A)(20) to that statute had the effect of making appellant's position unclassified. On

July 24, 1985, she was discharged without a hearing.

Appellant appealed to the State Personnel Board of Review. That body dismissed the appeal for lack of jurisdiction on the ground that she was not a classified employee. She appealed to the trial court on the ground that the State Personnel Board of Review did have jurisdiction since she had been employed as a classified civil servant and R.C. 124.11(A)(20) could not be applied to deprive her of a property right without due process. The trial court affirmed the decision of the State Personnel Board of Review. The plaintiff-appellant appeals.

Section 10, Article XV, Ohio Constitution authorizes the General Assembly to establish a civil service system, "as far as practicable." The section recognizes the necessity for certain exceptions. *State, ex rel. Dunn,* v. *Fosdick* (1916), 21 Ohio N.P.(N.S.) 187, 28 Ohio Dec. 577; *State, ex rel. Carnes,* v. *Fosdick* (1914), 15 Ohio N.P.(N.S.) 337. It is within the General Assembly's legislative power to redesignate certain positions as unclassified as the necessity arises. Cf. *State, ex rel. Stoer,* v. *Raschig* (1943), 141 Ohio St. 477, 25 O.O. 581, 48 N.E. 2d 653.

Under R.C. 1.48, all statutes are presumed to be prospective in their application unless expressly made retrospective. Thus, from October 4, 1984, the appellant has been an unclassified employee pursuant to R.C. 124.11(A)(20). The appellant argues that the United States Supreme Court decision in *Cleveland Bd. of Edn.* v. *Loudermill* (1985), 470 U.S. 532, compels the conclusion that the new "unclassified" status may only be applied to those hired after October 4, 1984.

*Loudermill* determined that a public employee has a property right in continued employment, of which he may not be deprived without due process of law. Appellant argues that *Loudermill* entitles her to due process prior to termination, since she was hired as a classified employee.

We disagree. *Loudermill* does not stand for the proposition that the appellant has a property right in continued status as a classified civil servant, but, rather that a classified civil servant has a property right in continued employment which may not be terminated without due process. *Loudermill* does not mandate that the appellant who once was, but is no longer, a classified civil servant be afforded procedural due process prior to termination.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

MARKUS, C.J., CORRIGAN and PARRINO, JJ., concur.