**ACKERMAN, Appellant,**

**v.**

**MEDICAL COLLEGE OF OHIO HOSPITAL, Appellee.**

[Cite as *Ackerman v. Med. College of Ohio Hosp.* (1996), 113 Ohio App.3d 422].

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 96API02–251.

Decided Aug. 13, 1996.

*James D. Caruso,* for appellant.

*Betty D. Montgomery,* Attorney General, *Rosa P. Wright* and *Susan C. Walker,* Assistant Attorneys General, for appellee.

---

BOWMAN, Judge.

Jeff Ackerman filed suit against appellee, the Medical College of Ohio Hospital ("MCO"), seeking damages, pursuant to R.C. 3701.244, for a violation of R.C. 3701.243(A), which prohibits the disclosure of information pertaining to HIV tests. Jeff died in August 1995 and his mother, Marilyn Ackerman, was substituted as appellant. The Ohio Court of Claims bifurcated issues of liability and damages and, following trial, ruled in favor of MCO.

Appellant sets forth the following assignment of error:

"The Court of Claims committed reversible error by finding that the evidence did not demonstrate that the disclosure of Jeffrey Ackerman's H.I.V. positive condition was made by defendant's employee."

Beginning in 1991, Jeff agreed to participate in a series of experimental drug treatment programs for HIV at MCO. Jeff had been diagnosed as HIV positive and was being treated at MCO for various health-related problems, as well as participating in the drug testing trials. Until spring 1993, no one in Jeff's family was aware of the HIV positive diagnosis.

In the spring of 1993, Candy Ackerman, Jeff's sister-in-law, told her husband, Keith, that she had been told by her mother, Henrietta Curtis, that someone with the last name of Ackerman was being treated for AIDS at MCO. Candy further testified she thought the information was reliable because it came from her mother and her mother stated that Candy's Aunt Barb (Barbara Bailey), who worked at MCO, had seen a file with this information. Keith then discussed the matter with his brother and testified:

"Q. In the spring of 1993, did you wife talk to you about someone with your family name being treated for AIDS?

"A. Yes, she did.

"Q. Did you then have a discussion with your brother Jeff?

"A. Yes.

"Q. What did you tell Jeff?

" * * *

"A. I went to the garage and I told him that Candy had had a conversation with her mother on the telephone just ten minutes prior to that, and that there was somebody by the name of Ackerman who lived on Semen Road who was being treated for AIDS at the Medical College of Ohio."

At the time the conversation took place, Keith and Candy were living at 3341 Semen Rd., along with Jeff, another brother and their mother, Marilyn, as well as Keith and Candy's son.

Barbara Bailey, Candy's aunt, has been employed at MCO for almost thirteen years, works in the medical records department and is supervised by Pam Cantu. Bailey's primary job responsibility is to deliver medical records to physicians and other health care providers. While the records pertaining to the drug testing trials in which Jeff participated were not kept in the medical records department, other hospital records pertaining to Jeff's treatment were maintained by that department. Cantu testified that hospital employees are subject to disciplinary action for disclosing confidential information, but Bailey had never been disciplined. Cantu was unaware of any conversation between Bailey and her sister, Henrietta Curtis, relating to Jeff's diagnosis or treatment.

Bailey testified that, when she was first employed at MCO, she attended an orientation meeting where hospital policies relating to confidentiality were discussed. Bailey denied that she had told her sister about Jeff's health problems. Curtis testified that she could not recall any conversation with her sister concerning Jeff and that, as the subject matter was significant, she would be most likely to recall such a conversation if it had taken place.

The trial court found appellant had failed to present sufficient evidence that an employee of MCO disclosed Jeff's HIV positive diagnosis.

Appellant argues that, although there is no direct evidence of a conversation concerning Jeff, a conversation Bailey denies and Curtis cannot recall, the circumstantial evidence is such that the conversation had to have occurred. Bailey is employed at MCO and has access to some of Jeff's records, Bailey is Curtis's sister, and Curtis is Candy's mother. Candy was able to give her husband fairly specific information as to the name of the person being treated and where he resided.

■ Although the sequence of events is plausible, it was, however, rejected by the trial court. While the trial court did not set forth the basis for its conclusion,

it would appear that the court either found all the witnesses to be equally credible, in which case the evidence was in equipoise and plaintiff failed to meet his burden of proof, or the trial court found Bailey and Curtis to be more credible and, likewise, plaintiff failed to meet his burden of proof. In *Myers v. Garson* (1993), 66 Ohio St.3d 610, 614–615, 614 N.E.2d 742, 745, the court stated:

"[A]s we have often noted in the past, where the decision in a case turns upon credibility of testimony, and where there exists competent and credible evidence supporting the findings and conclusions of the trial court, deference to such findings and conclusions must be given by the reviewing court. See *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 80, 10 OBR 408, 410, 461 N.E.2d 1273, 1276; and *Cohen v. Lamko, Inc.* (1984), 10 Ohio St.3d 167, 10 OBR 500, 462 N.E.2d 407. In addition, this court has held that a reviewing court is not authorized to reverse a correct trial judgment merely because erroneous reasons were assigned as a basis therefor. *Agricultural Ins. Co. v. Constantine* (1944), 144 Ohio St. 275, 284, 29 O.O. 426, 430, 58 N.E.2d 658, 663.

"As this court observed in *Seasons Coal, supra,* 10 Ohio St.3d at 80, 10 OBR at 410, 461 N.E.2d at 1276: 'The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony.' "

This is the case where the credibility of the witnesses was the determinative factor and, as there exists competent, credible evidence to support the trial court's judgment, it must be affirmed.

■ Assuming, however, we were to find that the trial court's decision as to the credibility of the witnesses was not supported by the evidence, it must nonetheless be affirmed.

R.C. 3701.243(A) provides:

"Except as provided in this section or section 3701.248 of the Revised Code, no person or agency of state or local government that acquires the information while providing any health care service or while in the employ of a health care facility or health care provider shall disclose or compel another to disclose any of the following:

"(1) The identity of any individual on whom an HIV test is performed;

"(2) The results of an HIV test in a form that identifies the individual tested;

"(3) The identity of any individual diagnosed as having AIDS or an AIDS-related condition."

R.C. 3701.244 provides:

"(B) A person or an agency of state or local government that knowingly violates ·* * * division (A) of section 3701.243 * * * may be found liable in a civil action; the action may be brought by any individual injured by the violation. * * *

"(C) No person shall be held liable for damages or attorney's fees in an action based on a violation of section 3701.243 of the Revised Code by his employee or agent unless the person knew or should have known of the violation."

Appellant contends that the exemption from liability, in the absence of proof of a knowing violation, only applies to an individual, as R.C. 3701.244(C) makes no reference to state agencies or local governments. We disagree.

██ In ascertaining the legislative intent of a statute, it is the duty of the court to give effect to the words used in a statute, not to delete words used or to insert words not used. *Bernardini v. Conneaut Area City School Dist. Bd. of Edn.* (1979), 58· Ohio St.2d 1, 12 O.O.3d 1, 387 N.E.2d 1222. To accept appellant's interpretation of R.C. 3701.244(C) would require this court to overlook or ignore the clear language in R.C. 3701.244(B). That statute provides that a state agency, such as·appellee, is liable only for a knowing violation of R.C. 3701.243(A) and an agency such as MCO may act only through its employees. Simply because R.C. 3701.244(C) makes clear that an individual is liable only if that person knows or should have known of a violation by his employee or agent does not lessen the requirement that a state agency must also act knowingly in violating R.C. 3701.243(A) in order to be found liable in a civil action. In this · case, there was no evidence even to suggest that appellee knew of a violation of R.C. 3701.243(A) by Bailey, assuming *arguendo* such a violation occurred.

Therefore, for the foregoing reasons, appellant's assignment of error is overruled and the judgment of the Ohio Court of Claims is affirmed.

*Judgment affirmed.*

JOHN C. YOUNG and DESHLER, JJ., concur.