This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, the state of Ohio, has appealed an order of the Medina Municipal Court, granting Appellee's motion to expunge and seal records. This Court affirms.
Appellee, Russell A. Buzzelli, was charged with one count of domestic violence. The case was tried to a jury, and Buzzelli was found not guilty. Buzzelli then filed a motion to expunge and seal records. The state objected to the expungement. On October 26, 2000, the trial court issued an order to expunge and seal the records ("order").
The state timely appealed, and has set forth two assignments of error.
 FIRST ASSIGNMENT OF ERROR THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FOUND THAT THE STATE'S LEGITIMATE COMPELLING INTEREST IN MAINTAINING THE RECORD DID NOT OUTWEIGH THE DEFENDANT'S INTEREST IN PRIVACY.
The state has argued that the trial court should have ruled that the state's interest in maintaining the record outweighed Buzzelli's interest in privacy.
This Court reviews a trial court's disposition of a motion to expunge and seal records for an abuse of discretion. An abuse of discretion is more than an error of law of judgment; it implies that the attitude of the trial court was "unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
This Court is limited in its review on appeal to the record provided to it by the appellant. App.R.9 and 12(A)(1)(b). In accordance with App.R. 9(B), it is the duty of the party appealing to ensure that the record, or whatever portions thereof are necessary for the determination of an appeal, are filed with the court in which he seeks review. Rose v.Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 19. See, also, App.R. 10(A); Loc.R. 5(A). This duty falls on the appellant because the appellant has the burden of establishing error in the trial court. Knappv. Edwards Laboratories (1980), 61 Ohio St.2d 197,199; App.R. 9(B).
In the case sub judice, the record on appeal consists of a videotape of the trial proceedings and a transcript consisting of one paragraph. This is not sufficient to satisfy the state's burden under App.R. 9(A) which states, in relevant part:
 A videotape recording of the proceedings constitutes the transcript of proceedings other than hereinafter provided, and for purposes of filing, need not be transcribed into written form * * * When the transcript of proceedings is in the videotape medium, counsel shall type or print those portions of such transcript necessary for the court to determine the questions presented, certify their accuracy, and append such copy of the portions of the transcripts to their briefs[.]
The state has failed to provide this Court with a properly certified, typed or printed transcription of relevant videotaped testimony presented in the proceedings below. The one paragraph that the state provided is not sufficient to allow this Court to make a determination as to whether the trial court abused its discretion.
A presumption of validity accompanies the ruling of the trial court. In the absence of those portions of the record necessary for the resolution of assigned errors, "the reviewing court has nothing to pass upon and * * * has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp, 61 Ohio St.2d at 199. Therefore, this Court must presume the validity of the trial court's proceedings, and affirm its judgment.
This Court also notes that the state failed to comply with App.R. 9(B). If an appellant does not intend to file a complete transcript on appeal, App.R. 9(B) requires the appellant to file an additional document with the notice of appeal describing what parts of the transcript will be included, that the transcript is unnecessary, or that a statement of evidence pursuant to App.R. 9(C) or (D) will be filed. The state did not file any additional document with its notice of appeal to explain the lack of a transcript in violation of App.R. 9(B).
The state's first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR THE ORDER TO EXPUNGE AND SEAL RECORDS IS CONTRARY TO OHIO REVISED CODE § 2953.53 AND OHIO REVISED CODE § 2953.54.
In its second assignment of error, the state has argued that the order to expunge and seal records is contrary to R.C. 2953.53 and 2953.54. This Court agrees in part and disagrees in part.
While there is no transcript of the proceedings in the record, the record does contain a copy of the order resulting from the proceedings. Therefore, this Court is able to address the state's second assignment of error. The order consists of six sections, and this Court will refer to each of the sections in turn.
The first section of the order states:
 IT IS HEREBY ORDERED that all official records pertaining to this case shall be sealed and all index references deleted, that the proceedings in this case shall be deemed not to have occurred, and that Defendant's record of arrest shall be judicially expunged.
The state has argued that this section is inconsistent with R.C.2953.53(D), which provides:
 Upon receiving a copy of an order to seal official records * * * a public office or agency shall comply with the order * * * except that it may maintain a record of the case * * * if the record is maintained for the purpose of compiling statistical data only and does not contain any reference to the person who is the subject of the case and the order.
A review of the order reveals that it does not prevent the maintaining of statistical data regarding this incident. Therefore, this section of the order is affirmed.
The second section of the order is not at issue in this appeal.
The third section of the order states:
 IT IS FURTHER ORDERED that all medical records, fingerprints, photos, and any identifying records of the Defendant be returned to his counsel of record, Attorney Dennis E. Paul, by the City of Wadsworth Police Department, the State of Ohio, and the Prosecuting Attorney for the City of Wadsworth.
R.C. 2953.52 governs the sealing of official records, and R.C. 2953.54
governs the sealing of investigatory work product. Buzzelli has argued that the documents in this section are official records. The state has argued that the documents are investigatory work product. This Court finds that the documents are official records.
The term "official records" is defined in R.C. 2953.51(D), which provides, in relevant part:
 "Official records" means all records that are possessed by any public office or agency that relate to a criminal case, including, but not limited to: the notation to the case in the criminal docket; * * * all fingerprints and photographs; all records and investigative reports pertaining to the case that are possessed by any law enforcement officer or agency, except that any records or reports that are the specific investigatory work product of a law enforcement officer or agency are not and shall not be considered to be official records when they are in the possession of that officer or agency.
R.C. 2953.53(D) makes it clear that both R.C. 2953.52 and R.C. 2953.54
are to be complied with when a record is to be sealed. While this Court agrees that these documents are official records, nothing in R.C. 2953.53
provides for these records to be returned to the counsel of record. This Court notes that R.C. 2953.54 does require that an officer's investigatory work product be returned to his or her employing law enforcement agency.[1] However, R.C. 2953.53 only states that official records are to be sealed, which indicates that they would remain in the office where they were kept before the order to seal was issued. "Where a statute is clear and unambiguous, the court must enforce the statute as written. The court may not add to or subtract from the language of the statute." Collins v. Sotka (1998), 81 Ohio St.3d 506, 513, citingBernardini v. Conneaut Area City School Dist. Bd. of Edn. (1979),58 Ohio St.2d 1, 4. The statutory language of R.C. 2953.53 is not ambigious. Therefore, this Court will enforce it as written. The third section of the order is overruled.
The fourth section states:
 IT IS FURTHER ORDERED that any/all members of the City of Wadsworth Police Department, the State of Ohio, and the Wadsworth City Law Department remove from their files and provide under seal to the court, all records, originals and copies in their custody, possession, and/or control, any and all arrest records, complaints, warrants, witness statements, and any and all records of every nature and description concerning the Defendant and/or resulting from the Defendant's acquittal of charges of Domestic Violence in the Wadsworth Municipal Court.
The state has argued that R.C. 2953.54 provides that law enforcement records and reports are to be delivered to the employing law enforcement agency, not to the municipal court. Buzzelli has argued that the documents referred to in the fourth section are "official records" and, therefore, their handling is governed by R.C. 2953.53. This Court finds that the language used in this section of the order is broad enough to encompass both official records and investigatory work product.
In the fourth section of the order, the trial court failed to distinguish between official records and investigatory work product. Since there are separate statutes that address where each of these types of documents are to be maintained, the fourth section of the order is remanded to the trial court for a determination of which documents referred to therein are official records and which constitute investigatory work product.
The fifth section of the order shall be revised to include wording that such service shall be provided via certified mail, return receipt requested.
The sixth section of the order shall be revised to include the wording: "except as is provided in R.C 2953.53(D)(1)-(3) and R.C.2953.54(A)(3)." The practical effect of this revision is to comply with these statutes, which provide circumstances in which official records and investigatory work product may be made available to the subject of the records and law enforcement officers for limited uses.
The state's second assignment of error is sustained in part, and overruled in part.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Wadsworth Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to both parties equally.
Exceptions.
WHITMORE, J. CONCURS
[1] R.C. 2953.54(A)(1) states, in relevant part: "Every law enforcement officer possessing records or reports pertaining to the case that are the officer's specific investigatory work product * * * shall immediately deliver the records and reports to his employing law enforcement agency."