DECISION
{¶ 1} In a case of first impression, we hold that if an employee, terminated because of R.C. 124.34, has received a meaningful pre-termination hearing, the lack of a later civil service commission hearing does not violate due process.
 {¶ 2} Benjamin Baldwin was convicted on three counts of felony drug trafficking. Prior to his conviction, he was employed by the Cincinnati Metropolitan Sewer District ("MSD") in a classified position. After his conviction, MSD terminated his employment. MSD acted under R.C. 124.34, which states that a person convicted of a felony "immediately forfeits" his status as a classified employee in public employment.
 {¶ 3} Before terminating Baldwin, MSD notified him of the impending discipline and held two pre-termination hearings before a neutral hearing officer. At these hearings, Baldwin confirmed that he had been convicted of three felonies. He was not represented by counsel, but he was represented by a representative of his union, ASFCME.
 {¶ 4} The Cincinnati Civil Service Commission rejected Baldwin's appeal of the hearing officer's decision to terminate Baldwin on the ground that R.C. 124.34 precludes an appeal to the commission for a felony-conviction-based termination. Baldwin then appealed the commission's ruling to the common pleas court, arguing that R.C. 124.34 violated his due-process rights. The court found no constitutional violation and affirmed the dismissal. Baldwin appealed; we affirm.
 {¶ 5} In his sole assignment of error, Baldwin argues that the provisions of R.C. 124.34 that deny him a meaningful post-termination hearing before the civil service commission violate his due-process rights.
 {¶ 6} Section 10, Article XV of the Ohio Constitution authorizes the Ohio legislature to establish a civil service system. R.C. 124.34 provides a framework for disciplinary actions against civil service employees. Classified civil service employees may only be terminated for cause.[1] Because of this, they have a property right in continued employment, and thus the government must provide these employees with significant procedural safeguards before the government may terminate them.[2] These procedural safeguards include notice of the reason for the termination and an opportunity to challenge the termination at a hearing before the state personnel board of review or the civil service commission.[3] Unclassified employees, or at-will employees, are not provided these same procedural due-process protections.[4]
 {¶ 7} The legislature amended R.C. 124.34 in 1999 to deny convicted felons classified status. A classified employee convicted of a felony "immediately forfeits" classified-employee status and the resulting property right derived from this classified status. The employee also forfeits the opportunity to appeal the resulting disciplinary action to the civil service commission.[5]
 {¶ 8} We recognize that the result of the legislative amendment is harsh, especially in this case, where Baldwin was a long-time employee with a good record. But Baldwin does not cite any authority preventing the legislature from disqualifying felons from public employment.
 {¶ 9} We do find aspects of the statute confusing. For instance, the statute expressly denies an appeal before the state personnel board of review or the civil service commission for a convicted felon removed as a result of the conviction. But it later provides that "[i]f an officer or employee removed under this section is reinstated as a result of an appeal of the removal, any conviction of a felony that occurs during the pendency of the appeal is a basis for further disciplinary action under this section upon the officer's or employee's reinstatement." We have no idea what the legislature meant by these words. And we suspect that those who enacted the statute had no idea either. But we must presume the constitutionality of the statute.[6] If goofy statutes were automatically unconstitutional, the codebooks would be thin. And we presume that the legislature meant what it said when it unambiguously limited classified status to employees who have not been convicted of a felony.[7] The line quoted above is just confusing surplusage.
 {¶ 10} Baldwin does not dispute that he was convicted of three felonies after entering guilty pleas. Because of these convictions, he forfeited his employment as a classified employee and forfeited his right to a hearing before the civil service commission. The constitutional protections afforded classified employees are not afforded those who are no longer classified employees.[8]
 {¶ 11} Baldwin was notified of the basis for his termination and given two opportunities to dispute his felony convictions. Under these circumstances, his employer provided him with all the process he was due. Obviously, if Baldwin would have been fired without any opportunity to dispute the convictions, due process would have been violated. But he was given pre-termination hearings. There would have been no purpose for a further hearing. The civil service commission dismissed Baldwin's appeal for lack of jurisdiction. The civil service commission derives its authority from the legislature, and the legislature has expressly denied the commission authority to hear Baldwin's appeal. Accordingly, we affirm the common pleas court's decision to uphold the commission's dismissal of Baldwin's appeal, and we overrule the assignment of error.[9]
Judgment affirmed.
The court has recorded its own entry on the date of the release of this decision.
Doan, P.J., and Sundermann. J., concur.
[1] R.C. 124.34(A).
[2] Cleveland Bd. of Edn. v. Loudermill (1985), 470 U.S. 532,105 S.Ct. 1487.
[3] R.C. 124.34(B).
[4] See Shearer v. Cuyahoga Cty. Hosp., Sunny Acres (1986),34 Ohio App.3d 59, 60, 516 N.E.2d 1287.
[5] R.C. 124.34(A).
[6] See Dickman v. Defenbacher (1955), 164 Ohio St. 142,128 N.E.2d 59, paragraph one of the syllabus.
[7] See Bernardini v. Bd. of Edn. (1979), 58 Ohio St.2d 1, 4,387 N.E.2d 1222.
[8] See Shearer at 60.
[9] See State ex. rel. Rose v. Ohio Dept. of Rehab. andCorr., 91 Ohio St.3d 453, 456, 2001-Ohio-95, 746 N.E.2d 1103.