OPINION
{¶ 1} Appellant-appellant, Stephen R. Porter, M.D., appeals from the judgment of the Franklin County Court of Common Pleas dismissing his appeal and remanding the matter back to the State Medical Board of Ohio("the Board"), for further proceedings. The Board has filed a cross-appeal.
 {¶ 2} On October 13, 2004, the Board issued a notice of summary suspension and opportunity for hearing ("first notice"). The hearing notice was based on the allegation that Dr. Porter was in violation of a probationary consent agreement by virtue of a positive urine drug screen that indicated the presence of alcohol. Dr. Porter, through counsel, requested a hearing in writing on November 12, 2004. However, certified mail service of the first notice was not completed, as the certified mail was returned and marked "unclaimed." The Board informed Dr. Porter's counsel that certified mail service of the first notice had not been achieved, and asked him if he would get a service waiver from his client, and Dr. Porter's counsel refused. Therefore, on November 16, 2004, the Board issued another notice of summary suspension and opportunity for hearing ("second notice"). This time, certified mail service was completed.[1] No hearing request was made after the second notice was received via certified mail. Therefore, the Board proceeded without a hearing, and adopted the proposed findings of its hearing examiners. On April 13, 2005, the Board issued an order permanently revoking Dr. Porter's license to practice medicine. Dr. Porter appealed the Board's decision to the Franklin County Court of Common Pleas in accordance with R.C. Chapter 119. The trial court held that, although signed for, certified mail service of the second notice was ineffective. The trial court reasoned that the first notice was returned for failure of delivery, and, therefore, pursuant to R.C. 119.07, the Board was required to either publish, or make personal delivery of the notice. Because the second notice was ineffective, the trial court concluded that Dr. Porter did not lose his right to a hearing by failing to make a separate hearing request. Consequently, the trial court dismissed the appeal, and remanded the matter to the Board for further proceedings. Dr. Porter timely appealed to this court, and the Board filed a cross-appeal.
 {¶ 3} Dr. Porter advances the following single assignment of error for our review:
THE TRIAL COURT'S FAILURE TO VACATE, REVERSE, OR OTHERWISE INVALIDATE THE BOARD'S ORDER REVOKING DR. PORTER'S LICENSE IS ERROR.
 {¶ 4} The Board, in its cross-appeal, asserts the following assignment of error:
THE TRIAL COURT'S JUDGMENT ENTRY, HOLDING THAT SERVICE OBTAINED BY CERTIFIED MAIL WAS IMPROPER AFTER AN INITIAL FAILURE OF SERVICE BY CERTIFIED MAIL WAS ERROR.
 {¶ 5} Our standard of review in this matter is well-established. In an administrative appeal pursuant to R.C.119.12, the court of common pleas reviews a Board's order to determine whether it is supported by reliable, probative, and substantial evidence and is in accordance with law. R.C. 119.12. In applying this standard, the court must "give due deference to the administrative resolution of evidentiary conflicts." Univ.of Cincinnati v. Conrad (1980), 63 Ohio St.2d 108, 111.
 {¶ 6} On further appeal to this court, our standard of review is more limited. Unlike the court of common pleas, a court of appeals does not determine the weight of the evidence. Bd. ofEdn. of Rossford Exempted Village School Dist. v. State Bd. ofEdn. (1992), 63 Ohio St.3d 705, 707. Our role is limited to a determination of whether the court of common pleas abused its discretion in finding that the Board's order was or was not supported by reliable, probative, and substantial evidence. Royv. Ohio State Med. Bd. (1992), 80 Ohio App.3d 675, 680. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. However, on the question of whether the commission's order was in accordance with the law, this court's review is plenary. Univ. Hosp., Univ. of Cincinnati College ofMedicine v. State Emp. Relations Bd. (1992), 63 Ohio St.3d 339,343.
 {¶ 7} Reliable, probative, and substantial evidence has been defined as follows:
* * * "Reliable" evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. * * * "Probative" evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. * * * "Substantial" evidence is evidence with some weight; it must have importance and value.
Our Place, Inc. v. Ohio Liquor Control Comm. (1992),63 Ohio St. 3d, 570, 571 (footnotes omitted).
 {¶ 8} For ease of discussion, we will first address the Board's cross-appeal.[2] Relevant to the Board's argument is R.C. 119.07, which states, in pertinent part:
When any notice sent by registered mail, as required by sections 119.01 to 119.13 of the Revised Code, is returned because of failure of delivery, the agency either shall make personal delivery of the notice by an employee of the agency or shall cause the notice to be published once a week for three consecutive weeks in a newspaper of general circulation in the county where the last known place of residence or business of the party is located. * * *
 {¶ 9} In the present case, the trial court held that since the second notice was not personally delivered or published, said notice was ineffective, and thus, Dr. Porter did not lose his right to a hearing by failing to make a separate hearing request within 30 days of the second notice. The Board suggests that in rendering its decision, the trial court ignores the extraordinary costs associated with service by publication and/or personal service; costs that the Board contends, will likely require state agencies to weigh whether or not to continue to pursue disciplinary actions against licensees, or forgo them due to budgetary concerns.
 {¶ 10} We understand the Board's position and the frustration it expresses as a result of the trial court's decision. However, it is important to remain mindful of the judiciary's responsibility with respect to statutory interpretation. When this court is called on to give effect to an act of the General Assembly, a standard of judicial restraint has developed when the wording of the enactment is clear and unambiguous. Bernardini v.Bd. of Edn. (1979), 58 Ohio St.2d 1. This court is required to look at the statute itself to determine the intent of the General Assembly, and if the intent is clearly expressed in the statute, the statute may not be enlarged or abridged. Athens Cty. Bd. ofCommrs. v. Schregardus (1992), 83 Ohio App.3d 861, 866, citingOhio State Bd. of Pharmacy v. Frantz (1990), 51 Ohio St.3d 143. In ascertaining the legislative intent of a statute, it is the duty of this court to give effect to the words used in the statute and not to delete words used, or to insert words that are not used. Id., citing Columbus-Suburban Coach Lines v. PublicUtilities Comm. (1969), 20 Ohio St.2d 125.
 {¶ 11} Though the Board makes persuasive arguments for a different interpretation, the statute at issue is clear. While logic would seem to dictate a change in the service requirements set forth in R.C. 119.07, a change in the language of the statute is beyond the purview of this court. We are constrained by the plain language of the statute, and, accordingly, must overrule the Board's assignment of error.
 {¶ 12} We now direct our attention to Dr. Porter's assignment of error. Dr. Porter contends that although the trial court remanded the matter to the Board for further proceedings, it failed to instruct the Board to reverse or vacate its order revoking Dr. Porter's license to practice medicine. We agree.
 {¶ 13} R.C. 119.07 provides, in part:
Except when a statute prescribes a notice and the persons to whom it shall be given, in all cases in which section 119.06 of the Revised Code requires an agency to afford an opportunity for a hearing prior to the issuance of an order, the agency shall give notice to the party informing him of his right to a hearing. * * *
* * *
The failure of an agency to give the notices for any hearing required by sections 119.01 to 119.13 of the Revised Code in the manner provided in this section shall invalidate any order entered pursuant to the hearing.
 {¶ 14} Because we have found that certified mail service of the first notice was not achieved, and the certified mail service of the second notice was ineffective, there was no valid notice informing Dr. Porter of his right to a hearing. Therefore, the Board's April 13, 2005 order entered pursuant to the hearing is not valid, and pursuant to R.C. 119.07, the trial court should have included language reflecting such in its decision. Consequently, we sustain Dr. Porter's single assignment of error.
 {¶ 15} To summarize, Dr. Porter's single assignment of error is sustained, and the Board's single assignment of error is overruled. The judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part, and this matter is remanded to that court with instructions to enter judgment that includes language ordering the Board to vacate its order of April 13, 2005, which revoked Dr. Porter's license.
Judgment affirmed in part, reversed in part, and causeremanded with instructions.
Klatt, P.J., and Travis, J., concur.
[1] While the Board received the signed green cards on December 2, 2004, they were undated as to the date of delivery.
[2] Dr. Porter's brief indicates that he does not oppose the Board's assignment of error, and thus, he has not filed a responsive brief thereto.