Pfeifer, J.,
dissenting.
{¶ 57} Although otherwise extraordinarily precise, the majority opinion is remarkably loose in describing R.C. 4112.99 as a “gap filler.” Majority opinion, ¶ 29. Surely if the General Assembly has intended R.C. 4112.99 “to function as a gap filler,” it would have said so. It did not, and I see no reason for this court to depart from common rules of statutory interpretation and add those words to the statute. See Bernardini v. Conneaut Area City School Dist. Bd. of Edn. (1979), 58 Ohio St.2d 1, 4, 12 O.O.3d 1, 387 N.E.2d 1222, quoting Columbus-Suburban Coach Lines, Inc. v. Pub. Util. Comm. (1969), 20 Ohio St.2d 125, 127, 49 O.O.2d 445, 254 N.E.2d 8 (“ ‘It is the duty of this court to give effect to the words used *119 [in a statute], not to delete words used or to insert words not used.’ [Emphasis added.]”).
Law Office of Marc Mezibov, Marc D. Mezibov, Stacy A. Hinners, and Susan M. Lawrence, for appellee.
Frost Brown Todd, L.L.C., Kasey Bond, and Eugene Droder III, for appellant.
Mark P. Herron; and Christina M. Royer, Ltd., and Christina M. Royer, urging affirmance for amicus curiae Ohio Employment Lawyers Association.
{¶ 58} In concluding that R.C. 4112.99 is subject to R.C. 4112.14(C), the majority opinion violates another common rule of statutory interpretation by ignoring the plain meaning of R.C. 4112.14(C). R.C. 4112.14(C) states that it applies to causes of action “described in division (B) of this section and any remedies available pursuant to sections 4112.01 to 4112.11 of the Revised Code.” According to its own plain language, R.C. 4112.14(C) does not apply to R.C. 4112.99. See Coventry Towers, Inc. v. Strongsville (1985), 18 Ohio St.3d 120, 122, 18 OBR 151, 480 N.E.2d 412 (“When interpreting legislation, courts must give the words used in statutes their plain and ordinary meaning, unless legislative intent indicates otherwise”).
{¶ 59} Furthermore, R.C. 4112.08 states, “This chapter [R.C. Chapter 4112] shall be construed liberally for the accomplishment of its purposes * * It is impossible to reconcile the result the majority opinion reaches and the means it uses to reach that result with the General Assembly’s mandate that R.C. 4112.99 be liberally construed “to protect victims of discrimination.” Ohio Civ. Rights Comm. v. Countrywide Home Loans, Inc., 99 Ohio St.3d 522, 2003-Ohio-4358, 794 N.E.2d 56, ¶ 22 (Carr, J., dissenting).
{¶ 60} The majority opinion states: “We did not accept for review Meyer’s cross-appeal * * *. As a result, the court of appeals’ determination that the trial court’s judgments on the jury verdicts and on additional issues must be reversed and remanded stands as conclusively established and is not within the scope of this appeal.” ¶ 8, fn. 3. I disagree with this court’s practice of picking and choosing, within a case, the issues that we are willing to review. If a case is worthy of review, in the interests of providing justice to the parties and because, until we see the entire record, it is exceedingly difficult to ascertain the interplay of various issues, all appealed issues should be before us. Whether we address each issue at that point is, of course, within our considered discretion.
I dissent.
*120 Littler Mendelson, P.C., and Suellen Oswald, urging reversal for amicus curiae Ohio Management Lawyers Association.