Pfeifer, J.,
dissenting.
{¶ 18} The majority opinion states that “19 U.S.C. 2318(a)(3)(B) is ambiguous, because it leaves open the question whether an applicant must be 50 years old at the time of reemployment or at the time application is made for benefits.” Majority opinion at ¶ 14. In doing so, the majority opinion confuses a statute’s lack of comprehensiveness with ambiguity. There is no question that the statute is not comprehensive. That should surprise nobody; it is exceedingly difficult to draft a statute that covers every single potentiality. But failing to do so is not the standard for ambiguity.
{¶ 19} With respect to the issue before us, the statute reads: “A worker in the group that the Secretary has certified as eligible for the alternative trade adjustment assistance program may elect to receive benefits * * * if the worker * * * is at least 50 years of age.” Trade Act of 2002, Pub.L. No. 107-210, section 124, 116 Stat. 933, 945, amended by Pub.L. No. 108-429, section 2004, 118 Stat. 2434, 2590. No term or word in that sentence is ambiguous; neither is the sentence as a whole. The sentence is understandable and reasonable and fits within the scheme of the statute. It is not susceptible of more than one meaning. Yet the majority opinion analyzes the sentence as if it is ambiguous. It compounds that mistake by granting undue deference to an agency interpretation. Such deference is due only when a statute is ambiguous.
{¶ 20} The majority opinion violates some of our most common precepts. In Bernardini v. Conneaut Area City School Dish Bd. of Edn., 58 Ohio St.2d 1, 4, *302 387 N.E.2d 1222 (1979), we stated that where language of a statute is clear and unambiguous, it is the duty of the court to enforce the statute as written. In Crowl v. DeLuca, 29 Ohio St.2d 53, 58-59, 278 N.E.2d 352 (1972), we stated that absent ambiguity or doubt, a statute “is not subject to judicial modification in the guise of interpretation.” In Columbus-Suburban Coach Lines, Inc. v. Pub. Util. Comm., 20 Ohio St.2d 125, 127, 254 N.E.2d 8 (1969), we stated that that this court has a duty “to give effect to the words used [in a statute], not to delete words used or to insert words not used.” Today, the majority opinion does not “enforce the statute as written,” modifies the statute under the guise of interpretation, and adds words to the statute. That an agency had already done so does not excuse this court from its obligation to enforce the statute as written.
Jason E. Dawicke; and Kenneth J. Kowalski, Employment Law Clinic, Cleveland-Marshall College of Law, for appellees.
Michael DeWine, Attorney General, Alexandra T. Schimmer, Solicitor General, Michael J. Hendershot, Chief Deputy Solicitor, Peter K. Glenn-Applegate, Deputy Solicitor, and Eric A. Baum, Assistant Attorney General, for appellant.
{¶ 21} Congress could have stated that applicants are not eligible unless they are 50 years old at the time of reemployment. It did not. Instead, Congress enacted a statute that states that applicants may elect to receive benefits if, among other things, they are at least 50 years old. The plain meaning of the statute is not ambiguous. Accordingly, I would analyze it without according deference to the letter issued by the United States Department of Labor Employment and Training Administration or the decision made by the Ohio Unemployment Review Commission.
{¶ 22} Because the applicants were 50 years old when they elected to receive benefits, I conclude that the applicants fit within the standard set forth in 19 U.S.C. 2318(a)(3)(B)(iii). I would affirm the decision of the court of appeals or declare that the case was improvidently accepted. I dissent.
O’Donnell, J., concurs in the foregoing opinion.